## No. 24011.

Frank Frensley Moore, a/k/a Walter Mackerman, a/k/a John Doe *v*. The People of the State of Colorado.
(485 P.2d 114)

Decided May 24, 1971.

RICHARD D. LAMM, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MARVIN W. FOOTE, District Judge.*

PLAINTIFF in error, defendant below, was convicted of aggravated robbery in the District Court of El Paso county. We reviewed and affirmed the judgment and sentence in *Moore v. People,* 164 Colo. 222, 434 P.2d 132 (1967). Defendant, thereafter, filed a motion to vacate the sentence under Crim. P. 35(b). The motion was denied without any evidentiary hearing. He then filed a petition for rehearing, which also was denied by the trial court.

Defendant contends that his motion to vacate sentence under Rule 35(b) raised issues that could only be resolved by an evidentiary hearing. Defendant claims he was represented at the trial by incompetent and inadequate counsel. He specifically alleges that counsel failed to suppoena witnesses; that counsel made deliberate and unauthorized misrepresentations to the trial court, as well as misrepresentations to the defendant, concerning the granting of a continuance. Nowhere is it suggested how any of these mat-

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

ters might have had any bearing on the outcome of the trial. Bare allegations of incompetency of counsel are not sufficient to entitle a defendant to an evidentiary hearing in a 35(b) proceeding. *Von Pickerell v. People,* 163 Colo. 591, 431 P.2d 1003 (1967). A defense lawyer is the captain of the ship and need only consult and be governed by his client's wishes when the question arises as to whether or not a plea of guilty should be entered, trial by jury waived, or whether the defendant should take the witness stand in his own defense. *Martinez v. People,* 173 Colo. 515, 480 P.2d 843 (1971). Here, witnesses were available to testify to the same facts that the defendant sought to prove through witnesses that could not be located.

 It appears that the defendant is hoping to discover something that might be useful to him, if an evidentiary hearing were granted. He has outlined in the broadest terms his grievances against his counsel. Rule 35(b) may not be so used. *De Baca v. District Court,* 163 Colo. 516, 431 P.2d 763 (1967).

██ The issues concerning the failure to subpoena witnesses, the granting of four continuances and denial of the motion for a fifth continuance, made on the day of trial, were gone into at length in the appellate review which followed the trial and will not be considered again. *Moore v. People, supra.*

The defendant would also have us review the question of the admissibility of his confession. This same issue was reviewed in depth in connection with the defendant's appeal, and the matter is not subject to further review.

Judgment affirmed.

MR. JUSTICE GROVES, MR. JUSTICE ERICKSON, and CLIFFORD H. DARROW,* District Judge, concur.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.