543 P.2d 1298 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Johnnie David HOGLAND, Defendant-Appellant.
No. 75-071.
Colorado Court of Appeals, Div. III.
October 9, 1975.
Rehearing Denied November 6, 1975.
Certiorari Denied January 12, 1976.
*1299 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Thomas J. Tomazin, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Alperstein, Plaut & Barnes, P. C., Robert G. Busch, Lakewood, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Defendant Johnnie David Hogland appeals from a conviction on 13 felony counts. We affirm.
The sole issue on appeal is whether the trial court erred in denying Hogland's motion to dismiss for failure of the People to afford him a speedy trial.
The defendant was arrested on January 8, 1974. A criminal complaint was filed January 14, 1974, charging him with 16 felony counts. A county court proceeding for setting the case for preliminary hearing took place on January 25, 1974, pursuant to a demand by the defendant. At this proceeding, the county court judge decided that the serious nature of the charges warranted the devotion of an entire day to the preliminary hearing. He initially set the preliminary hearing for February 7, 1974, to be contingent on the non-occurrence of a trial of another matter previously set for that day; in the event that date was unavailable, the hearing was to be reset for April 19, 1974, the next open date on the court calendar. After a brief discussion with counsel, and over the objection of the defendant, the judge then set the matter for April 19, based on an expressed desire to enable the parties to prepare for a specific hearing date. The defendant was bound over for trial after the April 19th hearing; trial began on September 17, 1974, and concluded on September 20, 1974. *1300 The defendant was found guilty on 13 counts, and was later sentenced to a minimum of 10 years and a maximum of 11 years imprisonment.

I.
The defendant initially contends that the failure of the county court to conduct a preliminary hearing until 84 days had elapsed after timely demand constitutes denial per se of his constitutional right to a speedy trial. He cites Crim.P. 5(a)(4), in effect at the time of the demand for preliminary hearing, contending that this rule represents a judicial mandate that failure to hold a preliminary hearing within 30 days of the setting constitutes the denial of a speedy trial.
At the outset, we acknowledge the distinction drawn by the defendant between the constitutional guarantee of a speedy trial and statutory or judicial provisions designed to implement that guarantee, see People v. O'Neill, Colo., 523 P.2d 123, and we agree that the resolution of the one issue does not necessarily conclude our consideration of the other. Potter v. District Court, Colo., 525 P.2d 429. It must be noted, however, that the same purpose is served by constitution and rule alike: the prevention of procrastination by prosecuting attorneys and courts in criminal proceedings. See People v. Bates, 155 Colo. 277, 394 P.2d 134; Medina v. People, 154 Colo. 4, 387 P.2d 733. Therefore, although the rule and the constitutional provisions relating to speedy trial must be separately considered, it would be illogical to consider either in isolation from the other.
Crim.P. 5(a)(4) provides as follows:
"Every person accused of a felony in a felony complaint has the right to demand and receive a preliminary hearing to determine whether probable cause exists to believe that the offense charged in the felony complaint was committed by the defendant. . . .
"(I) Within ten days after the defendant is brought before the county court, either the prosecuting attorney or the defendant may file a written motion for a preliminary hearing. Upon the filing of such a motion, the judge forthwith shall set the hearing. The hearing shall be held within thirty days of the day of the setting, unless good cause for continuing the hearing beyond that time be shown to the court."
The defendant argues that this provision is mandatory, and that, absent a continuance granted for good cause, the failure to hold the preliminary hearing within 30 days following demand requires dismissal regardless of the reason for delay. He submits that the burden of proof as to the existence of good cause for an extension lies with the People, and that under the facts of this case good cause has not been established. We disagree with each of these assertions.
The existence of a congested docket constitutes good cause for the setting of the hearing on April 19. Even though the language of a rule pertaining to speedy trial may appear mandatory on its face, in previous speedy trial cases the Colorado Supreme Court has said that the condition of the court docket must be considered and balanced against other factors. See Jaramillo v. District Court, 174 Colo. 561, 484 P. 2d 1219. In balancing the rights of the defendant to a speedy trial with the other demands of the judicial system, the defendant must ordinarily show that he could have been afforded an earlier hearing consistent with the trial docket conditions. Rowse v. District Court, 180 Colo. 44, 502 P.2d 422.
No such showing was made here. Although a contingent setting could perhaps have been made for a date within the 30-day period, this fact alone, under the circumstances of this case, does not outweigh the crowded condition of the county court docket and the belief of the judge that it was to the advantage of all to set a certain date for the hearing. We therefore hold that the absence of open court dates within *1301 the prescribed period constituted good cause for setting the hearing for a date outside that period and the county court judge acted properly in setting the preliminary hearing for a day beyond the 30-day period envisioned by Crim.P. 5(a)(4). The defendant was not thereby deprived of his rights to a speedy trial.

II.
An ad hoc balancing test must similarly be employed in consideration of the constitutional guarantee of a speedy trial. People v. Spencer, 182 Colo. 189, 512 P.2d 260. See Erickson, The Right to a Speedy Trial: Standards for Its Implementation, 10 Hous.L.Rev. 237. The landmark case in this area is Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, where a delay of some five years was found to be justifiable. In Barker, the United States Supreme Court identified four factors to be assessed in determining whether defendant had been deprived of the right to a speedy trial: the length of delay, the reason for the delay, the defendant's demand for a speedy trial, and prejudice to the defendant by reason of the delay. The same approach is utilized in consideration of our state constitutional provision. People v. Buggs, Colo., 525 P.2d 421.
Defendant was tried 252 days after his arrest. However, the mere fact that the length of the delay was considerable is not decisive; no single one of the Barker factors is determinative. People v. Buggs, supra. Further, the complex and serious nature of the charges brought against the defendant must also be seen as a factor supportive of the reasonableness of the length of the delay. The defendant asks us to compare the resolution of federal charges against him arising out of the same transaction which went to trial just 76 days after his arrest. We note, however, that the greater portion of the delay in the state courts was attributable to pre-arraignment proceedings as to which there is no analogue in the federal courts.
The reason for the delay must next be considered. The record reveals that the principal cause of the delay was the congestion of the court docket. Although the ultimate responsibility for judicial backlog lies with the state, Barker v. Wingo, supra, this is an essentially neutral element in the balancing process envisioned in Barker; a period of undesirable delay which falls short of violating the constitutional guarantee does not constitute a denial of the right to a speedy trial merely because the defendant did not cause the delay. People v. Slender-Wrap, Inc., Colo. App., 536 P.2d 850. We again note that the defendant must show that he could have been afforded an earlier hearing consistent with the trial docket conditions in order to prevail on his assertion that he was denied a speedy trial. Rowse v. District Court, supra. In this case, the defendant adduced no evidence as to the absence of docket congestion.
One further element here is the fact that the defendant made a motion to sever his trial from that of a co-defendant, with the consequence that his trial had to be rescheduled for a later date. In the absence of such motion, the defendant's trial could have commenced over a month earlier. This must also be considered as affecting the weight to be accorded the fact that a considerable delay had occurred between arrest and trial.
There is no dispute as to whether the defendant asserted his right to a speedy trial, counsel having done so repeatedly. Only the question of prejudice remains for our consideration. The defendant points to the fact of incarceration as being the most obvious prejudice to the defendant resulting from the delay. The element of incarceration is to be accorded relatively slight weight, however, where there is no showing of prejudice resulting from incarceration apart from the fact of imprisonment itself; where, as here, there is no showing that the defense of the defendant was impaired in any way by his pretrial incarceration, the mere fact of incarceration *1302 is outweighed by other relevant factors. Barker v. Wingo, supra.
The defendant further alleges prejudice in that the delay resulted in his losing the opportunity for concurrent sentencing under 18 U.S.C. § 4082, which empowers the federal court to order that the federal sentence imposed be concurrently served with a state sentence. Defendant admittedly had not yet been tried on the state charges on the last date available for the filing of a motion for modification of the federal sentence, and there is authority for the proposition that the loss of an opportunity for concurrent sentencing must be considered prejudicial. See Dodge v. People, 178 Colo. 71, 495 P.2d 213; Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607.
Under the circumstances of this case, however, no such prejudice can be found. Here, counsel for the defendant filed a motion in the federal court on the final day for modification together with a request that the motion not be heard until after the trial on the state charges. The hearing on the motion was in fact conducted by the federal court after the defendant's conviction on the state charges, and the motion to modify the sentence to allow it to run concurrently with the state sentence was denied. Even if the defendant is correct in his contention that the federal court was thereby acting in excess of its jurisdiction in considering the motion at that late date, the fact that concurrent sentencing was denied by that tribunal effectively disposes of the allegation of prejudice in that it indicates that an expedited hearing on the state charges would have had no effect on the disposition of the motion to modify the sentence in federal court.
Upon our consideration of the factors identified in Barker v. Wingo, supra, we conclude that the defendant was not denied his constitutional right to a speedy trial.
Judgment affirmed.
VanCISE and STERNBERG, JJ., concur.