No. 26968
No. 26972
No. 26995

**Jerry L. Carr and Joyce C. Carr, and William Huth, and Brian D. Blumberg v. The District Court in and for the Eighth Judicial District of the State of Colorado, and The Honorable Conrad L. Ball, one of the judges thereof**

(543 P.2d 1253)

Decided December 29, 1975.

Timmermans, Wolfe and Weinland, Kenneth C. Wolfe, for petitioners Jerry L. Carr and Joyce C. Carr.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Douglas D. Piersel, Deputy, Thomas H. Moore, Deputy, for petitioners Brian D. Blumberg and William Huth.

Stuart A. VanMeveren District Attorney, Loren B. Schall, Assistant, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Because the above captioned cases involve similar facts and the same issue, they have been consolidated in this court. Pursuant to C.A.R. 21, petitioners sought relief in the nature of prohibition or mandamus to compel respondent district court to dismiss the criminal charges against them on the ground that they were denied a speedy trial. We issued a rule in each case requiring the respondents to show cause why such relief should not be granted. Responses and briefs have now been filed.

We hold that chronic trial congestion does not excuse the respondents' failure to bring these petitioners to trial within the six-month time limit imposed by section 18-1-405, C.R.S. 1973. We therefore make the rule absolute in each case by ordering the respondents to dismiss the charges against these petitioners.

Petitioners Huth and Blumberg were to be tried during the week of July 21, 1975. The court reset their trials to dates that were seven and eight months after they were arraigned. Both unsuccessfully objected to their new trial dates. Their motions to dismiss charges for lack of a speedy trial were denied by the trial court.

Petitioners Jerry and Joyce Carr were also scheduled to be tried during the week of July 21, 1975. The trial court reset their trial to a date which was eight months after their arraignment. These petitioners objected to this trial date, and their later motion to dismiss charges for failure to afford them a trial within six months was denied by the trial court.

None of these petitioners requested a continuance after their arraignment and the trial court never attributed the delays to them. Rather, the court found that there had been no time when the court calendar would have permitted trial of their cases within six months of their arraignment. The trial judge indicated that a contributing cause for the lateness of these trial dates was his policy of giving priority in trial settings to defendants in custody over defendants, like the petitioners, who were free on bond.

■ This may be a laudable policy but it cannot be a basis for extending a trial date beyond six months after arraignment under the provisions of section 18-1-405, C.R.S. 1973, which in pertinent part states:

"(1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody . . . and, whether in custody or on bail, the pending charges shall be dimissed. . . ."

This statutory language is mandatory and leaves no room for court discretion. Its preface confines exceptions only to those delineated in the statute. Significantly, chronic court congestion is not expressly included within these exceptions nor can it be reasonably inferred from the terms of any of the exceptions. See also Crim. P. 48(b), the provisions of which were designed to substantially conform to this statutory mandate.

■ The right to be tried within six months is a substantive right under section 18-1-401, C.R.S. 1973, which is supplemental to the constitutional right to a speedy trial. *Casias v. People*, 160 Colo. 152, 415 P.2d 344 (1966). The statute and Crim. P. 48(b) clarify and simplify the parameters of the constitutional right to a speedy trial.

The trial court improperly utilized chronic court congestion as a basis for denying the petitioners' motions to dismiss.[1] Because no excusable de-

---

[1] The cases from other jurisdictions which the respondents cite for the proposition that court congestion excuses delays beyond the fixed statutory period are inapposite to Colorado's statute. The statutes in these other jurisdictions either expressly excused delays resulting from court congestion or contained provisions which permitted delays for "good cause" or for "exceptional circumstances." *See, e.g., United States v. Rodriquez*, 497 F.2d 172 (5th Cir. 1974); *People v. Yniquez*, 42 Cal. App. 3d Supp. 13, 116 Cal. Rptr. 626 (Super. Ct. 1974); *Caine v. State*, 324 N.E.2d 525 (Ind. Ct. App. 1975); *State v. Thomas*, 222 N.W.2d 488 (Iowa Sup. Ct. 1974).

lays under the statute appear in the record to justify trying these petitioners after six months of their arraignment, the charges against them must be dismissed.

Rule made absolute.