## No. 27131

**The People of the State of Colorado v. The Honorable Clifton Flowers, District Judge, and the District Court for the Second Judicial District**

(548 P.2d 918)

Decided April 19, 1976.                    Rehearing denied May 3, 1976.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Thomas P. Casey, Chief Appellate Deputy, Lucy Marsh Yee, Deputy, for petitioner.

Craig A. Murdock, Eugene Deikman, Robert E. Johnson, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Pursuant to C.A.R. 21, the district attorney, on behalf of the petitioner, sought relief in the nature of mandamus to compel the respondent district court to vacate its dismissal of murder charges in cases entitled *People v. Robert Moreno* and *People v. Teddy T. Gomez.* As its basis for these dismissals, the respondent district court ruled that these defendants had not been afforded a speedy trial as required under section 18-1-405, C.R.S. 1973. This recently enacted statute mandates that a trial court must dismiss criminal charges against a defendant if he is not brought to trial within six months after the date of his plea of not guilty. The statute provides for a number of exceptions, including a situation where the defendant or his counsel agrees to a continuance beyond the six-month period. *See also* Crim. P. 48(b)(4).

We issued a rule requiring the respondent district court to show cause why the relief sought should not be granted. A response and briefs have now been filed.

We hold under the facts of this case that the trial court erroneously dismissed the murder charges against these defendants. We therefore grant the relief sought and order that the dismissals be vacated and that the information be reinstated.

On August 25, 1975, in two cases against these defendants, they waived the speedy trial requirements of the statute and Crim. P. 48(b) for the purpose of a trial setting on November 17, 1975. The speedy trial waivers were made because that date was several days beyond the expiration of six months from the date of arraignment. A third case against one of these defendants was set for disposition or resetting also on November 17, 1975.

On November 17, 1975, by agreement of all parties, the cases were continued for trial or disposition on February 23, 1976. Under these cir-

cumstances, February 25, 1976 became the critical date after which the statutory six-month period would expire. All parties and the respondent district court treat this as the expiration date.

On February 23, 1976, these cases came before the respondent district court for trial. At that time, another trial, which had commenced the previous week, was in progress. Various alternatives were discussed between the court, the district attorney, and defense counsel. It appears that the alternative of transferring these cases to another judge was discarded because no other judge could work them into his docket on that day. At this time, postponement of the trial on a day-to-day basis until the trial in progress ended was *agreeable to all parties.* It was also indicated that this would not involve a delay of more than a few days. The defense attorneys reminded the court that witnesses should make their presence known and furnish their phone numbers as they would be on call to appear when the trial of these two defendants commenced in the next several days.

The trial court thereafter announced that the trial of the defendants would trail the trial then in progress. On February 26, 1976, which was the first day after the expiration of the six-month period in this case, motions to dismiss the cases against the defendants were made. On this date, the respondent district court was still engaged in the trial which had commenced the previous week. These motions to dismiss for failure to afford these defendants a speedy trial were thereupon granted by the respondent district court.

The respondent district court on February 23, 1976 stated that the trial of these defendants would commence upon the conclusion of the trial in progress. Neither of the attorneys for the defendants indicated disagreement with this procedure. Rather, by their statements to the respondent court about continuing subpoenas of witnesses and requesting the court to announce that all witnesses should furnish their addresses and phone numbers to counsel inasmuch as they would be on call to appear at court sometime in the next several days for the trial of these defendants, they agreed to this type of continuance. The resultant effect therefore was an agreed continuance of the trial of the cases to a date several days hence when the trial in progress terminated.

We therefore hold that these defendants were precluded from obtaining dismissal under our speedy trial statute until the trial in progress had ended and the respondent court had then failed to commence the trial of these defendants.

In announcing the trailing procedure, the respondent district court indicated a hope that the trial in progress would be concluded so that the trial of the defendants' cases could commence on the second day thereafter. The defendants argue that the trailing order was acceptable to them solely on the basis of this indication by the trial judge. We reject this argument.

■ The mere expression of hope by the judge that the trial of the cases could commence within two days does not place a limitation on this trial continuance procedure. This trailing order continued the trial to a later date which would be determined by the termination of the trial in progress. The briefs indicate that termination was on February 27, 1976.

In their brief in support of the dismissals, the defendants maintain that our recent case of *Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975), is authority for holding that our speedy trial statute required the respondent district judge to order the dismissal of these cases. The facts of *Carr* are dissimilar from the facts here. In *Carr*, the defendants specifically objected to setting their trials on a date after the expiration of the six-month speedy trial limitation. After the six-month period, the defendants moved for dismissal. The trial judge in *Carr* denied these motions on the grounds that trial court congestion prevented earlier trial settings. We rejected this ruling and ordered that the cases in *Carr* be dismissed. *Carr* did not in any manner deal with the type of continuance involved here.

The facts of this case demonstrate the need for better management of criminal cases by the office of the district attorney. A method of keeping track of the speedy trial time element would seem to be an essential tool for the trial deputies who handle the cases in court. At all times, they should have this information in front of them on each criminal case and should inform the trial court of the termination date, particularly when cases are being set for trial and when they are being continued to later dates.

Here, the respondent district judge was in the dark concerning this critical date.

The respondent district court is ordered to vacate its dismissal orders in the defendants' cases and to reinstate the informations. Also, immediate trials are ordered to commence no later than thirty days from the date the mandate in this case is transmitted to the respondent district court.

Respondents shall have until the close of business on April 26, 1976 to file a petition for rehearing.

The rule is made absolute.

MR. JUSTICE DAY does not participate.