## No. 27354

**Richard Henry Rance, and John H. Bisbee v. The County Court in and for the County of Jefferson, State of Colorado and the Honorable Leonard L. Beal, one of the Judges thereof**

(564 P.2d 422)

Decided May 23, 1977.

Alperstein, Plaut and Busch, P.C., Robert G. Busch, for plaintiff-appellee Richard Henry Rance.

Johnson, Doty & Johnson, Bruce R. Johnson, for plaintiff-appellee John H. Bisbee.

Nolan L. Brown, District Attorney, T. W. Norman, Deputy, for defendants-appellants.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The matter concerning both defendants involves the same speedy trial issue, which arose out of two separate traffic violation cases. In the county court, each defendant filed a motion for dismissal on the ground that he was not brought to trial within six months of arraignment as required by section 18-1-405, C.R.S. 1973 and Crim.P. 48(b). The county court denied the dismissal motions.

Each appellee then sought relief in the district court by filing an action in the nature of prohibition. The district court in each case ruled that neither of the appellees was tried within six months of his arraignment; that neither had by any affirmative action or express statement waived his right to a speedy trial; that the county court had no jurisdiction to try either case; and that the court in each case had erred in refusing to grant the dismissal motions. The district attorney thereupon brought an appeal in each case to this court claiming that since each appellee failed to interpose any objection to a trial setting in county court beyond the six-month speedy trial period, each had thereby waived his right to a speedy trial. We reject this contention by the district attorney and affirm the judgments of the district court as to each appellee.

When these cases were appealed to this court, *Harrington v. District Court*, 192 Colo. 351, 559 P.2d 225 (1977) had not been announced. It is dispositive of the issue presented in both of these cases. In *Harrington*, we held that mere silence by a defense counsel to a trial setting beyond the speedy trial period shall not be construed as a waiver of a defendant's right to a speedy trial. We further held that in such situations an express waiver or other affirmative conduct evidencing a waiver of the right to a speedy trial must be shown before a trial court may deny a dismissal motion.

The judgments are affirmed.

MR. JUSTICE ERICKSON does not participate.