## No. 27750

## The People of the State of Colorado
## v. Donald Abeyta, Francis Montano, and Philip Santistevan

(578 P.2d 645)

Decided May 8, 1978.

W. Terry Ruckriegle, Special Prosecutor, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Stephens Dooley, Deputy, for defendant-appellee Francis Montano.

George A. Newman, for defendants-appellees Donald Abeyta and Philip Santistevan.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The People appeal from the dismissal of an information pending against the three defendants, Montano, Abeyta, and Santistevan, for failure to comply with the speedy trial requirements of Crim. P. 48(b). The information charged the defendants with second-degree assault. We affirm.

Counsel for Abeyta and Santistevan filed a motion to dismiss on June 7, 1977, and counsel for Montano filed a similar motion on June 10, 1977. The trial court considering these motions found that:

"On May 28, 1976 all three defendants entered pleas of not guilty and the matter was set for jury trial to commence on October 20, 1976.

"On October 12, 1976, counsel for defendants Abeyta and Santistevan moved for a continuance of the October 20, 1976 trial date. Defendant Montano did not join in this request. An *ex parte* order of continuance as to all defendants was entered by the court on October 15, 1976.

"On December 1, 1976, upon agreement of counsel for all defendants, the date of trial was reset for March 3, 1977.

"On February 16, 1977, a special prosecutor was appointed for the People.

"On February 28, 1977, at the request of the People, an *ex parte* order was entered vacating the trial date, and on March 7, 1977, the case was set for trial to commence June 20, 1977."

The trial court also found that there was no waiver of the six-month trial provision by any of the defendants and that with respect to the continuance granted to the People on February 28, 1977, no specific findings of fact justifying the continuance were made as required by Crim. P. 48(b)(6)(VII)(B).

■ Neither petitioner Montano nor his counsel *requested* the October 15, 1976 continuance and thus Crim. P. 48(b)(3) did not operate as to Montano so as to extend the six-month period.[1] Therefore, his six months continued to run from May 28, 1976 and expired on or about November 28, 1976. Hence, Montano could have requested a speedy trial dismissal on December 1, 1976, when the matter was reset for trial on March 3, 1977. However, the mere failure to request the dismissal at that time did not operate as a waiver of Montano's rights.[2]

■ We have stated that mere silence does not operate as a waiver of the right to a speedy trial. *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977). We have further held that a defendant must either expressly waive his statutory right to a speedy trial or else affirmative conduct evidencing such a waiver must be shown. *Rance v. County Court,* 193 Colo. 220, 564 P.2d 422 (1977); *People v. Gallegos,* 192 Colo. 450, 560 P.2d 93 (1977). Counsel's failure to move for a dismissal simply cannot operate as such a waiver of the defendant's rights. *See Harrington v. District Court, supra. Harrington* made it very clear that the burden of insuring compliance with the time requirements of Crim. P. 48(b) is on the prosecution and the trial court. We even went so far in that case as to say that, "the only affirmative action required on the part of the defendant [is] that he move for a dismissal prior to trial." Thus it is clear that Montano has not waived his right to a speedy trial.

■ With regard to defendants Abeyta and Santistevan, a continuance was granted at their request on October 15, 1976. Thus, as to them, by virtue of Crim. P. 48(b)(3), the six-month period began to run from October 15, 1976. Unless otherwise stayed, the six months would expire in April of 1977. On February 28, 1977, the People obtained an *ex parte* continuance. In order for this continuance to stay the six-month period, the court granting the continuance would have had to have entered specific findings with respect to the justification for the continuance. Crim. P. 48(b)(6)(VII)(B). The trial court found that no such specific findings were entered. Thus, the six months expired in April.

Judgment affirmed.

---

[1] Due to the fact that the speedy trial rights of Montano's co-defendants were also eventually violated, *infra,* we need not discuss the question of what effect Crim. P. 48(b)(6)(III) would have on this matter. Also, this question was not raised by the parties.

[2] In fact, it is questionable whether a waiver could ever occur after the right to dismissal has already accrued. That is, after the six months have expired. Of course, the defendant must still enter his motion for dismissal prior to the commencement of his trial or his entering of a guilty plea. Crim. P. 48(b)(5).