## No. 28522

## The People of the State of Colorado v. James Franklin Boos

(604 P.2d 272)

Decided December 17, 1979.

Nolan L. Brown, District Attorney, John R. Barksdale, Deputy, for plaintiff-appellant.

Larry E. Lawler, for defendant-appellee.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

This is an appeal by the People from a dismissal of a number of felony charges against the defendant for failure to comply with the speedy trial provisions of the Uniform Mandatory Disposition of Detainers Act (the Act). Section 16-14-101 *et seq.*, C.R.S. 1973 (now in 1978 Repl. Vol. 8). We affirm.

On May 13, 1978 eight felony complaints against the defendant were filed in the County Court of Jefferson County while he was confined in the Colorado State Penitentiary. By letter of May 31[1] to the county court the defendant requested a speedy trial under the provisions of the Act. He did not send a similar request to the district attorney. On June 26th the defendant, accompanied by a deputy public defender, appeared in that court for advisement of rights. A deputy district attorney was present. Speaking to the prosecutor, the court stated that, although he did not believe that the defendant had perfected his request as required by the Act, he had indicated by letter that he wished a speedy disposition of the detainers against him. The court added: "So I would ask you to expedite the matters as quickly as possible because of that letter. I don't think he sent you a copy."

On July 6th the defendant requested a preliminary hearing and it was set for August 1st. On the latter date the deputy public defender asked to withdraw as counsel for the reason that the defendant perceived a conflict of interest and wished private counsel. The court granted the motion and appointed present counsel. It reset the preliminary hearing for September 19th, finding that by his actions the defendant had waived the 30-day requirement for a preliminary hearing.

On August 8th the defendant's attorney wrote to the county judge and the district attorney's office, advising that he understood from the defendant that the defendant had requested a speedy trial on May 31st. In the letter counsel stated: "I have not had an opportunity to examine Mr. Boos' request, but I am quite certain that he requests disposition of all

---

[1] All proceedings in the county court or district court mentioned in this opinion were in 1978.

charges pending within 90 days of his notice pursuant to the . . . Act . . . .''

The preliminary hearing was held on September 19th, the defendant being bound over to the district court on seven of the cases, the eighth being dismissed. It was ordered that he appear before the district court for arraignment on October 2nd. At the September 19th hearing, at which two deputy district attorneys were present, the court called attention to the defendant's earlier request and a later request by counsel for a speedy trial under the Act. The court stated that, while there might be some question as to the adequacy of the defendant's demand, there was no question that defense counsel's request had started the running of the time. The defendant was arraigned in the district court on October 2nd, at which time his attorney filed motions, including a motion to consolidate the seven cases for trial. These motions came on for hearing on November 3rd. The motion to consolidate was granted and the others were denied. Counsel called the court's attention to the matters relating to the speedy trial request. The court initially took the position that the 90-day period provided in the Act had commenced on September 19th. The court set the trial date for December 8th. Later the defendant again raised the question of speedy trial and on December 6th the court sustained his motion to dismiss for failure to bring him to trial within 90 days.

The People ask that we reverse the district court's order of dismissal and its earlier order of consolidation.

## I.

The Uniform Mandatory Disposition of Detainers Act provides that a person in custody of the department of corrections under a sentence of imprisonment may request final disposition of any untried indictment, information or criminal complaint pending against him in this state. The request is to be in writing, and addressed both to the court in which the charge is pending, and to the prosecuting official charged with the duty of prosecuting him. The Act continues:

"Within ninety days after the receipt of the request by the court and the prosecuting official, or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or criminal complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the prisoner's attorney and opportunity to be heard. If, after such a request, the indictment, information, or criminal complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect, and the court shall dismiss it with prejudice." Section 16-14-104, C.R.S. 1973.

▇ The district judge, in ordering the dismissal, stated that, if the 90-day period had not begun to run on receipt of the May 31st letter, "then surely it was on June 26, 1978, when it was brought to the attention of the district attorney." The judge further ruled that, even if that were not so, the period commenced on August 9th when the county judge and the district attorney's office received defense counsel's letter of August 8th. Therefore, in the light most favorable to the People, the period during which the defendant might be tried expired 90 days from August 9th, *i.e.*, November 7th. The court found that it was bound by *People v. Lopez,* 41 Colo. App. 206, 587 P.2d 792 (1978), which apparently had not been brought to its attention earlier.

We do not consider the arguments as to whether the 90-day period was "triggered" by the May 31st letter or the matters that transpired in the June 26th hearing. We confine ourselves to affirmance of the district court's ruling that, in any event, the period commenced on August 9th. The People, through the district attorney and a deputy, contend that: (1) the commencement of the 90-day period was tolled and did not commence to run until September 19th; (2) the defendant caused the delay by asking for another attorney on August 1st, the date upon which the preliminary hearing was originally scheduled; and (3) the defendant waived the right to be tried within the 90-day period by moving for consolidation of the cases.

We agree with the result and the reasoning in *People v. Lopez, supra.* In *Lopez* the court of appeals cited and quoted *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977). In *Harrington* we held that the criminal charge should be dismissed for failure to hold a trial within the six-month period required by section 18-1-405, C.R.S. 1973 and Crim. P. 48(b). It was there stated:

"[W]e now hold that mere silence by a defense counsel at a trial setting shall not be construed as a waiver of the defendant's statutory right to a speedy trial. An express consent to the delay or other affirmative conduct evidencing such consent must be shown.

". . . [The language of the statute] is mandatory and leaves no discretion for a court to fashion exceptions to the six-month rule apart from those delineated in the statute."

Nothing occurred here to cause a delay in the commencement of the running of the period until September 19th, albeit the judge stated that this was a date which would be convenient to the calendar of defense counsel. "Good cause shown," as required by the statute, was not present.

The People claim that they were "whip-sawed" on the one hand by the defendant requesting a new attorney on August 1st and, on the other hand, by his refusal to have a preliminary hearing on that date. In fact, the defendant, when before the court on June 26th, called the court's attention to the conflict of interest and requested appointment of another

attorney. The fact that his right to have other counsel was not recognized until August 1st is no basis for the district attorney's cry of unfairness or claim of being whip-sawed. This contention is without merit.

For the reasons already expressed and under the rules of *Lopez, supra,* and *Harrington, supra,* the motion for consolidation by the defendant did not waive his right to the statutorily required speedy trial.

## II.

After the People took this appeal and filed their brief, we announced our opinion in *Brown v. District Court,* 197 Colo. 219, 591 P.2d 99 (1979). This disposes of the question of alleged error in consolidating the cases. There, the same series of alleged crimes were involved, the trial judge was the same, and the district attorney and deputy district attorney taking the appeal were the same. It was there stated:

"The consolidation of informations is within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion is shown. A consolidation of informations is permissible when the offenses could have been joined in a single information. Crim. P. 13. Whether the offenses could have been joined in a single information depends upon whether all of the offenses were of the same or similar character and were tied to a single scheme and plan. [Citations omitted]

"Here, each separate offense was of a similar character, namely, theft of a new model automobile. . . .

". . . [W]e cannot say that the district court abused its discretion in consolidating the informations."

We see no distinction in the two cases.

Judgment affirmed.