The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Tyrone Thomas BARNES, Defendant-Appellant.

No. 79CA0012.

Colorado Court of Appeals, Div. III.

Aug. 20, 1981.

Rehearing Denied Sept. 17, 1981.

Certiorari Denied Nov. 30, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Tyrone Thomas Barnes, appeals his convictions of aggravated robbery, attempted aggravated robbery, and committing a crime of violence. He alleges, among other things, that the court erred in finding that his right to a speedy trial was not violated and in refusing his request to substitute counsel or to represent himself. We affirm.

On February 9, 1978, the defendant was arraigned and entered pleas of not guilty to the charges. After numerous continuances, the trial began on August 28, 1978. The defendant argues that he was not afforded a speedy trial as required by § 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8).

At a hearing on July 21, 1978, defense counsel conceded that twenty days of delay were attributed to the defendant and that no speedy trial problems would arise until August 29, 1978. This express consent to the delay constituted a waiver of the speedy trial claim made here. *See Harrington v. District Court*, 192 Colo. 351, 559 P.2d

225 (1977); *People v. Flowers*, 190 Colo. 453, 548 P.2d 918 (1976).

Defendant also argues that the trial court improperly refused his requests to change counsel and to represent himself. Before the July 21 hearing, the defendant wrote a letter to the trial judge expressing dissatisfaction with his court-appointed counsel. However, at that hearing, the defendant indicated that he was satisfied with counsel.

On the day of trial, the defendant asked the court to discharge his counsel and substitute another attorney. This was denied by the court who noted that the present counsel was experienced, competent, and prepared to proceed, and that the People, relying upon the trial date, had issued subpoenas requiring several out-of-state witnesses to be present. The court characterized the defendant's motion as "an obvious effort to delay the trial."

The defendant then had his counsel inform the court that he wished to change his plea of not guilty to not guilty by reason of insanity. This was also denied since no question of his mental capacity had been brought to the attention of defendant's counsel beforehand.

The next day, following the empaneling of the jury, but prior to the presentation of evidence, the defendant repeated his desire to discharge his counsel and for the first time requested that he be allowed to represent himself. This request was denied.

█ Although a defendant's right to counsel must be respected, this right cannot be manipulated in such a manner as to impede the efficient administration of justice. *People v. Lucero*, Colo., 615 P.2d 660 (1980); *United States ex rel. Baskerville v. Deegan*, 428 F.2d 714 (2d Cir. 1970), *cert. denied*, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188. Motions for discharge and substitution of court-appointed counsel are addressed to the discretion of the trial court, and its disposition thereof will not be reversed unless a clear abuse of discretion is shown. *See Riley v. District Court*, 181 Colo. 90, 507 P.2d 464 (1973); *Martinez v. People*, 173 Colo. 515, 480 P.2d 843 (1971);

*Good v. United States*, 378 F.2d 934 (9th Cir. 1967).

█ Here, no showing of abuse of discretion has been made. The trial court conducted an extensive examination regarding the defendant's dissatisfaction with his court-appointed counsel and found that there was no basis to change counsel at such a late date.

█ Similarly, a defendant's motion to dismiss counsel and proceed *pro se* made after the trial has begun is subject to the sound discretion of the trial court. *United States v. Dunlap*, 577 F.2d 867 (4th Cir. 1978), *cert. denied*, 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166; *Sapienza v. Vincent*, 534 F.2d 1007 (2d Cir. 1976); *People v. Windham*, 19 Cal.3rd 121, 137 Cal.Rptr. 8, 560 P.2d 1187 (1977), *cert. denied*, 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116. The trial court should balance the defendant's wish to appear *pro se* against the potential disruption to the proceedings in progress. Factors to be considered by the trial court include the reasons for the defendant's request, the quality of counsel, the defendant's proclivity to substitute counsel, and the disruption and delay expected in the proceedings if the request were to be granted. *Sapienza v. Vincent, supra.* Under the circumstances outlined above, we conclude that the trial court did not abuse its discretion in denying defendant's motion.

Defendant's contention that the court erred in denying a continuance so that he could contact a witness is without merit.

Accordingly, the judgment is affirmed.

BERMAN and KIRSHBAUM, JJ., concur.