**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**David Lee ANDERSON,**
**Defendant-Appellant.**

**No. 80CA0517.**

Colorado Court of Appeals,
Div. I.

March 11, 1982.

Rehearing Denied April 1, 1982.

Certiorari Denied July 19, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Lynne Ford, Virginia Byrnes, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant was convicted of escape and six counts of being an habitual criminal, and appeals the denial of his motion to dismiss, alleging that his statutory speedy trial rights were violated. We affirm.

Defendant was charged with escape from the Colorado State Penitentiary, and with six counts of being an habitual criminal. On March 6, 1979, he pled not guilty and asserted his statutory right to a speedy trial and his right to disposition of detainers pending against him. Trial was then set for May 23, 1979. On May 17, the defendant's attorney filed a request for a continuance in which he stated that defendant and the prosecution had consented to the continuance. Although the record is unclear, this continuance apparently was granted on or before June 6, 1979, the date on which trial was reset for July 16, 1979.

On July 6, 1979, defendant requested and was granted a change of venue to the Fourth Judicial District. On July 27, 1979, that district court held its first hearing on the case, and, at the request of defendant's attorney, appointed a local public defender for defendant, who would be better able to handle the case in its new location.

On August 3, 1979, with defendant's new attorney present, trial was set for September 10, 1979. On September 4, 1979, the new public defender withdrew and the court appointed another attorney for defendant. With the new attorney present, trial was reset for October 15, 1979. Defendant was not present on October 15, the date set for trial for reasons which are not completely clear from the record, and the case was continued.

In September and October of 1979, defendant moved to discharge his latest attorney, and for new counsel, and alternatively to proceed pro se. He also moved for reimbursement of certain costs and for payment for a private investigator. On November 2, 1979, defendant's request to proceed pro se was granted, and the trial date was reset for December 10, 1979. On December 10, 1979, defendant personally requested, and was granted, a continuance on the grounds that his access to the case file had been limited. The case ultimately came to trial on February 19, 1980, and prior to trial on that date, defendant moved to dismiss the charges on speedy trial grounds.

I.

Defendant's first contention is that the Uniform Mandatory Disposition of Detainers Act, § 16–14–101 through 16–14–108, C.R.S.1973 (1978 Repl.Vol. 8), requires dismissal of the charges. We disagree.

Section 16–14–104, C.R.S.1973 (1978 Repl. Vol. 8), provides that:

"Within 90 days after the receipt of the request [for disposition of detainer] by the court and prosecuting official, or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or criminal complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the prisoner's attorney and opportunity to be heard...."

The first issue is whether the stipulated continuance requested on May 17 extended the 90-day deadline. Defendant contends that he did not consent to the extension requested by his attorney and that any extension of the 90-day time limit requires his personal consent. Assuming, as did the trial court, that defendant did not personally consent to the continuance, we disagree with this contention.

■ This case does not involve the question of whether defense counsel may waive his client's constitutional right to a speedy trial without his client's consent. The detainer act, like its counterparts the Interstate Agreement on Detainers, § 24–60–501, C.R.S.1973, and the speedy trial act, § 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8), is intended to render constitutional guaran-

tees of speedy trial more effective, *Simakis v. District Court*, 194 Colo. 436, 577 P.2d 3 (1978), and waiver of rights under the act is to be governed by the words of the statute.

■ The detainer act expressly authorizes the granting of a continuance if defendant's attorney is present, even though defendant is absent. Section 16–14–104, C.R.S.1973 (1978 Repl.Vol. 8). By implication, an attorney may stipulate to or request a continuance without obtaining his client's personal approval. *State v. Carlson*, 258 N.W.2d 253 (N.D.1977). *See State v. Davis*, 44 Ohio App.2d 95, 335 N.E.2d 874 (1975). *Cf. People v. Flowers*, 190 Colo. 453, 548 P.2d 918 (1976).

■ Although the power of an attorney to stipulate to a continuance is broad, it is not unlimited. The trial court must decide whether a continuance is justified, and the trial court's judgment may be reversed on appeal only if there has been an abuse of discretion. *People v. Martinez*, 190 Colo. 507, 549 P.2d 758 (1976). And, to extend the 90-day detainer act time limit, a continuance must be for good cause. Section 16–14–104, C.R.S.1973 (1978 Repl.Vol. 8); *State v. Hamilton*, 268 N.W.2d 56 (Minn. 1978).

■ The record shows that this continuance was for good cause; defense counsel's unanticipated military obligations made adequate trial preparation impossible. In addition, the continuance was for less than two months.

Having decided that the trial court did not abuse its discretion when it granted the stipulated continuance requested on May 17, we must determine whether the remaining continuances granted by the trial court met the requirements set forth by the act for extending the 90-day period. We hold that they did.

The detainer act sets forth a demanding 90-day deadline for bringing an incarcerated defendant to trial. However, the mandate of the act is conditioned by the provision that the 90-day period may be extended by "such additional time as the court for good cause shown in open court may grant." *People v. Hogland*, 37 Colo.App. 34, 543 P.2d 1298 (1975). *See also People v. Swazo*, 199 Colo. 486, 610 P.2d 1072 (1980). As was stated by the Minnesota Supreme Court in *State v. Hamilton, supra,* our task is to "give reasonable effect to this exception without licensing its use to nullify the general rule."

■ The record shows that the continuances granted were necessitated by defendant's motions for change of venue, replacement of defendant's attorney three times, and defendant's other motions, including the motion for continuance granted on December 10 at defendant's request to prepare for trial. Where, under circumstances such as this, additional time is necessitated by motions made for defendant's benefit, and reasonable continuances are ordered by the trial court to accomodate defendant's motions, the time for bringing defendant to trial under the detainer act may be extended. *See Simakis v. District Court, supra* (fn. 2); *People v. Grubbs*, 39 Colo.App. 436, 570 P.2d 1299 (1977). *Cf. People v. Boos*, 199 Colo. 15, 604 P.2d 272 (1979) (change of attorney does not automatically extend detainers period); *People v. Lopez*, 41 Colo. App. 206, 587 P.2d 792 (1978) (defendant's request for preliminary hearing does not automatically extend detainer period).

■ Defendant's reliance on *People v. Colantonio*, 196 Colo. 242, 583 P.2d 919 (1978) is misplaced. *Colantonio* held that the time required to complete a change of venue is not automatically chargeable to the defendant, and is not excluded from the computation of the six-month speedy trial time. *Colantonio* does not define the scope of the trial court's discretion to extend the 90-day disposition of detainers time for good cause. Although both the speedy trial act and the detainer act seek similar ends, the meaning of "good cause" under the detainer act is different from the meaning of delays "at the instance of the defendant" under the speedy trial act. *Compare People v. Hogland, supra, with Carr v. District Court*, 190 Colo. 125, 543 P.2d 1253 (1975) (especially fn. 1).

Therefore, we hold that the defendant's rights under the disposition of detainers act were not violated.

## II.

Defendant's second contention is that the speedy trial provisions of § 18–1–405, C.R. S.1973 (1978 Repl.Vol. 8) and Crim.P. 48 require dismissal of the charges. Again, we disagree.

■ Under the statute, the People originally had until September 6, 1979, six months after the plea of not guilty, to bring defendant to trial. The first issue is whether the continuance requested on May 17, and granted on or before June 6, extended this deadline.

Defendant again argues that he did not consent to the continuance obtained by his attorney and that without his consent, there could be no extension of the deadline. We disagree.

The speedy trial act leaves open the question of whether a continuance may be granted upon defense counsel's request and without defendant's personal consent.

This issue has not heretofore been resolved in Colorado, and there is some disagreement within other jurisdictions. However, the generally accepted rule is consistent with that expressed in our discussion of the problem under the terms of the detainer act, and we hold that defendant's attorney, without defendant's personal consent, may obtain a continuance of a trial setting subject to the discretion of the trial court and the continuance will extend the speedy trial deadline an additional six months from the granting of the continuance. *See Townsend v. Superior Court*, 15 Cal.3d 774, 126 Cal.Rptr. 251, 543 P.2d 619 (1978); *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593, *cert. denied*, 439 U.S. 914, 99 S.Ct. 287, 58 L.Ed.2d 261 (1978).

■ This rule is an extension of the principle that trial counsel has broad authority respecting the conduct of litigation. *See* I *ABA, Standards for Criminal Justice*, Std. 4–5.2 (2d ed. 1980); *Moore v. People*, 174 Colo. 570, 485 P.2d 114 (1971); *McClen-*

*don v. People*, 174 Colo. 7, 481 P.2d 715 (1971). It is supported by the reality that defense counsel needs reasonable flexibility regarding tactical choices and is in the best position to evaluate his trial preparation.

The stipulated continuance requested on May 17 extended the time for bringing defendant to trial until some time between November 17 and December 6, 1979. *See* § 18–1–405(3), C.R.S.1973 (1978 Repl.Vol. 8); Crim.P. 48(b)(3); *People v. Steele*, 193 Colo. 87, 563 P.2d 6 (1977); *People v. Medina*, 40 Colo. 490, 583 P.2d 293 (1978). However, defendant was not brought to trial until February 19, 1980, and the question remains as to whether defendant's personal request for a continuance, which was granted on December 10, 1979, cured the People's failure to bring defendant to trial within six months of the granting of the stipulated continuance. We hold that it did.

■ Failure to comply with the requirements of the speedy trial act is jurisdictional in the sense that defendant may request mandatory dismissal of the charges upon expiration of the allotted time. *Carr v. District Court, supra.* Violation of the statute is also jurisdictional in the sense that defendant may properly commence a C.A.R. 21 original proceeding in the Supreme Court if the trial court refuses his demand to dismiss the charges. *Hampton v. District Court*, 199 Colo. 104, 605 P.2d 54 (1980).

However, failure to bring defendant to trial within the allotted time does not automatically deprive the trial court of jurisdiction because defendant's failure to demand dismissal prior to trial waives any speedy trial objection. Section 18–1–405(5), C.R.S. 1973 (1978 Repl.Vol. 8); Crim.P. 48(b)(5). It follows that, prior to trial, defendant may waive his speedy trial rights in other ways. Although mere silence or failure to request dismissal at the earliest opportunity is not a waiver of defendant's speedy trial rights, *People v. Abeyta*, 195 Colo. 338, 578 P.2d 645 (1978), here, defendant personally requested a continuance on December 10, 1979. Under the statute, despite the fact

that the continuance was requested after expiration of the six-month period, its effect was to extend the time for bringing defendant to trial for another six months. *See State v. Lippolis*, 55 N.J. 354, 262 A.2d 203 (1970); *State v. Hamilton, supra.*

Thus, the trial in February 1980 was within the extended time, and defendant's statutory right to a speedy trial was not violated.

▇▇▇ The People contend on appeal that defendant's sentence for escape should be served consecutively to the sentence already being served, and that the court erroneously ordered that the sentence be served concurrently. Notwithstanding the trial court's announcement in open court, the mittimus controls, and it states that the sentence for escape is to run consecutive to the sentences being served. *See* § 18–8–209, C.R.S.1973 (1978 Repl.Vol. 8). Therefore, the sentence was correctly imposed and no correction is needed.

Judgment affirmed.

VAN CISE, J., concurs.

KELLY, J., dissents.

KELLY, Judge, dissenting.

I respectfully dissent. I disagree with the majority's interpretation of § 16–14–104, C.R.S.1973 (1978 Repl.Vol. 8).

The Uniform Mandatory Disposition of Detainers Act authorizes an incarcerated defendant to demand and receive a speedy disposition of charges pending against him. The provisions of the Act must, therefore, be interpreted as governing the course of the proceedings as between a defendant and the State, and not between a defendant and his own counsel. Accordingly, § 16–14–104 authorizes a grant of "additional time . . . for good cause shown" upon the request of the prosecuting official only. *See People v. Swazo*, 199 Colo. 486, 610 P.2d 1072 (1980).

Where, as here, a defendant has personally invoked the application of the Act, it is my view that his counsel's request for a continuance must be accompanied by the defendant's written authorization. I do not regard this as an onerous burden in view of the purposes to be served by the Uniform Mandatory Disposition of Detainers Act.

For similar reasons, I agree with the defendant's second contention that the provisions of § 18–1–405, C.R.S.1973 (1978 Repl. Vol. 8) and Crim.P. 48 require dismissal of the charges. As the majority states, these statutes are intended to effectuate the constitutional right to a speedy trial. *See Simakis v. District Court*, 194 Colo. 436, 577 P.2d 3 (1978). I am unable to relegate the right to a speedy trial to a quasi-constitutional status which allows an attorney to effect a waiver of the constitutional right without the defendant's knowing and intelligent action. Accordingly, again, I would hold that an attorney's request for a continuance beyond the statutory period requires his client's written authorization.

Neither can I rule that there has been a waiver here as a result of the defendant's request for a continuance, there being nothing in the record to show that the defendant knew his actions could constitute a waiver of his constitutional and statutory rights. *See II ABA, Standards for Criminal Justice* 12–2.3 (2d ed. 1980).

I am unable to narrow the holdings in *Carr v. District Court*, 190 Colo. 125, 543 P.2d 1253 (1975) and *Hampton v. District Court*, 199 Colo. 104, 605 P.2d 54 (1980) as the majority has done. I regard both these cases as authority for the proposition that a defendant is entitled to a discharge upon failure of the State to bring him to trial in a timely manner. Moreover, the defendant's motion for a continuance made on December 10, four days after the speedy trial time had run, does not affect his right to discharge. *Muller v. State*, 387 So.2d 1037 (Fla.App.1980); *see People v. Abeyta*, 195 Colo. 338, 578 P.2d 645 (1978).

I would reverse and discharge the defendant.