587 P.2d 792 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Anthony Ray LOPEZ, Defendant-Appellant.
No. 77-800.
Colorado Court of Appeals, Div. I.
July 6, 1978.
Rehearing Denied August 17, 1978.
Certiorari Denied December 11, 1978.
*793 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Linda Palmieri Rigsby, Asst. Atty. Gen., Denver, for plaintiff-appellee.
John A. Purvis, Acting Colo. State Public Defender, Patrick J. Canty, Deputy State Public Defender, Colorado Springs, for defendant-appellant.
COYTE, Judge.
Contending that he was denied his right to a speedy trial under the Uniform Mandatory Disposition of Detainers Act, § 16-14-101, et seq., C.R.S.1973 (the Uniform Act), defendant, Anthony Ray Lopez, appeals his jury conviction of felony theft and second degree burglary. We reverse.
A criminal complaint was filed against defendant in the county court of Delta County on April 12, 1977. At the time, defendant was incarcerated in the Colorado State Reformatory. In a letter filed with the county court on May 11, 1977, he requested disposition of the complaint under the speedy trial provisions of the Uniform Act. A copy of the letter was sent to the district attorney, who immediately filed a *794 motion requesting defendant's return to the county jail for trial within 90 days.
After a preliminary hearing in the county court, defendant was bound over to the district court. At his arraignment in district court on June 29, defendant, through counsel, orally demanded compliance with the speedy trial provisions of the Act. At that time defense counsel was unaware of the defendant's earlier pro se written demand. Counsel made no objection to a trial date of September 28, and agreed to arrangements offered by the trial court for defendant to be available in Delta County for trial preparation by September 23. However, on August 2, defendant's counsel filed a written motion seeking an earlier trial date.
The court, on August 5, rescheduled the trial for August 17, 1977.
On August 15, defendant filed a motion to dismiss for failure to prosecute, alleging that based on his request of May 11, the mandatory 90-day time period had expired on August 9. On August 16, the prosecution filed a motion for a 16-day extension of the statutory period, alleging that the 16 days represented the lapse of time between defendant's request for a preliminary hearing and the date of that hearing, and that this delay had precluded holding the trial within 90 days.
At an in camera hearing on defendant's motion to dismiss and the People's motion for an extension of time, the parties agreed that if defendant's pro se letter triggered the statutory speedy trial provisions, the date for the running of the time period without a continuance would be August 9, 1977. The trial court ruled that defendant's letter was a proper demand for disposition of the detainer to invoke the running of the 90-day period. Section 16-14-104, C.R.S.1973. However, relying on Chambers v. District Court, 180 Colo. 241, 504 P.2d 340 (1972), it denied defendant's motion to dismiss and granted the prosecution's motion for a continuance. It found, in effect, that defendant's acquiescence in the resetting of the trial date from September to August 17, constituted a waiver of his rights under the Act. With respect to the continuance, it held that the "good cause" requirement of the Act had been met by a showing of the time taken to hold the preliminary hearing.
During the times relevant here, the pertinent sections of the Uniform Act provided:
"Any person who is in the custody of the department of institutions . . . may request final disposition of any untried indictment, information, or criminal complaint pending against him in this state. The request shall be in writing addressed to the court in which the indictment, information, or criminal complaint is pending and to the prosecuting official charged with the duty of prosecuting it . . . ." Section 16-14-102(1), C.R.S.1973.[1]
"Within ninety days after the receipt of the request by the court and the prosecuting official, or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or criminal complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the prisoner's attorney and opportunity to be heard. If, after such a request, the indictment, information, or criminal complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect, and the court shall dismiss it with prejudice." Section 16-14-104, C.R.S.1973.
Defendant contends that the trial court erred in finding that he had waived his right to a speedy trial under the Uniform Act. We agree.
*795 In Harrington v. District Court, Colo., 559 P.2d 225 (1977), a case decided under § 18-1-405, C.R.S.1973, and Crim.P. 48(b), the Supreme Court held:
"[M]ere silence by a defense counsel at a trial setting shall not be construed as a waiver of defendant's statutory right to a speedy trial. An express consent to the delay or other affirmative conduct evidencing such consent must be shown."
Accord, People v. Abeyta, Colo., 578 P.2d 645, (Announced May 8, 1978). Furthermore, the burden of compliance with statutory time requirements is on the prosecution and the trial court. People v. Abeyta, supra; Harrington v. District Court, supra.
Since the policies underlying § 18-1-405, C.R.S.1973, and Crim.P. 48(b) are the same as those relative to the Uniform Act, we conclude that the rulings of Harrington v. District Court, supra, and subsequent cases, for determining whether there has been an effective waiver of a defendant's rights to a speedy trial, are applicable to a claim of that right under § 16-14-104, C.R.S.1973. See People v. Grubbs, Colo.App., 570 P.2d 1299 (1977). Hence, since there was no action on the part of defendant when the trial was rescheduled to a time outside the applicable statutory time limit, there was no waiver of his rights under the Uniform Act. See also People v. Gallegos, Colo., 560 P.2d 93 (1977).
The People urge, however, that the defendant's pro se letter of May 11, 1977, addressed to the county court was ineffective for purposes of commencing the running of the 90-day period and that the time period did not begin to run until the defendant made a demand for disposition of detainer with the district court. We do not agree.
In People v. Dunhill, Colo.App., 570 P.2d 1097 (1977), which arose under Crim.P. 48(b), we held that the six month period commenced to run upon defendant's arraignment on the last of three informations where the two prior informations had been dismissed. See also People v. Wilkinson, Colo.App., 555 P.2d 1167 (1976). However, contrary to the People's contention, the instant situation is not analogous to that presented in Dunhill. Here, defendant was bound over to the district court pursuant to the same proceeding which had been initiated with the filing of a criminal complaint against him in county court; his county court records were transferred to district court. See Crim.P. 5(a)(4)(III). We are, therefore, dealing with a continuous proceeding and not a dismissal. See People v. Buggs, 186 Colo. 13, 525 P.2d 421 (1974).
Furthermore, the above-quoted statutory provisions clearly provide for request for disposition of a detainer when a prosecution is initiated by either indictment, information, or criminal complaint. Cf. § 16-5-101(1), C.R.S.1973. We do not believe that the General Assembly intended to penalize a defendant who first comes under the jurisdiction of a county court by virtue of a felony complaint and is subsequently transferred to district court by effectively delaying the implementation of his right to a speedy trial until the proceedings have been transferred to the district court. Therefore, we hold that where a criminal proceeding is initiated with the filing of a criminal complaint in county court, a request for disposition of detainer filed in the county court commences the running of the 90-day statutory period. Cf. People v. Buggs, supra.
We also agree with the defendant that, under the circumstances here, the 16-day continuance granted to the prosecution was not justified. Although the statute gives the trial court discretionary power to grant a continuance for "good cause," here no showing of "good cause" was made other than the deputy district attorney's assertion that a continuance of 16 days was reasonable "in light of the fact that the time period was required in order to get the preliminary hearing." To grant a continuance based only on this factor has the effect of excluding per se such a time lapse whenever a defendant requests a preliminary hearing. The statute does not provide for this exception to the 90-day time period. Cf. Simakis v. District Court, Colo., 577 P.2d 3 (1978); People v. Hogland, 37 Colo.App. 43, 543 P.2d 1298 (1975).
*796 In summary, we conclude that defendant's pro se letter commenced the running of the statutory time period, that he did not thereafter waive his right to a trial within 90 days, and that, under the circumstances here, the continuance granted on the prosecution's motion was not justified and could not extend the 90-day period. Hence, defendant was denied his right to a speedy trial under the Uniform Act.
The judgment is reversed and the cause is remanded with directions to dismiss the information against defendant with prejudice.
SMITH and BERMAN, JJ., concur.
NOTES
[1] Amended, effective August 1, 1977, Colo.Sess.Laws 1977, ch. 223, § 16-14-102(1) at 902-903.