## No. 79SA92

## The People of the State of Colorado v. Eddie E. Swazo

(610 P.2d 1072)

Decided May 12, 1980.

John Anderson, District Attorney, Dennis E. Faulk, Deputy, for plaintiff-appellant.

Normando R. Pacheco, for defendant-appellee.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

■ The People appeal a trial court order dismissing the information charging the defendant with first-degree murder. We affirm the dismissal because the defendant was not brought to trial within the period required by the "Uniform Mandatory Disposition of Detainers Act" (Uniform Act), section 16-14-101, *et seq.*, C.R.S. 1973 (now in 1978 Repl. Vol. 8).

On December 18, 1977, Ronald Lloyd, an inmate at the Colorado State Penitentiary, was stabbed to death in Cellblock 1 of the Medium Security facility at Canon City. Almost seven months after the incident, on July 5, 1978, the District Attorney of Fremont County filed an information charging the defendant with the homicide.

At the preliminary hearing on August 2, 1978, the People presented two inmates to testify as witnesses to the stabbing. The first was Thomas McCormick, who made a positive identification of the defendant as the inmate who stabbed Lloyd. The second, James Dreese, also testified that he witnessed the stabbing, but he could not identify the defendant as the one who committed the crime. Dreese stated that he did not see McCormick at the scene.

Two of the defendant's witnesses testified that the defendant was not in Cellhouse 1 when the stabbing occurred. A third defense witness testified that he was watching a Denver Broncos football game with McCormick during the time McCormick testified he witnessed the stabbing in another part of the facility.

On the day of the preliminary hearing, the defendant presented a Request for Disposition of Untried Complaint under the Uniform Act,

section 16-14-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8). This request to the court and the district attorney was for a speedy disposition of the detainer, filed at the time of the information, keeping the defendant in maximum security at the penitentiary. According to section 16-14-104, C.R.S. 1973 (now in 1978 Repl. Vol. 8), the trial shall take place within ninety days of the receipt of the request, and the court set trial for October 2, 1978.

On October 2, the court heard the district attorney's motion for a continuance because McCormick, the key prosecution witness, had escaped from custody. The district attorney requested a six month continuance since, under the statute, the court may grant only one continuance in detainer cases. After hearing the arguments of both parties, the trial court granted a continuance of seventy days.

On the date set for trial, December 11, 1978, the court heard a new motion to continue filed by the district attorney. After taking testimony regarding the effect of the continuance and hearing arguments of counsel, the court denied the motion on the merits. Finding that the rights of the defendant had been prejudiced and that the People had not been able to indicate when McCormick would be returned to custody, the trial court held that an additional continuance was not proper. After the continuance was denied, the defendant made a motion to dismiss the charges. That motion was granted over the objection of the prosecutor.

On appeal, the People argue that the trial court abused its discretion in not giving a longer continuance as originally requested. The People concede that the Uniform Act, section 16-14-101, *et seq.*, C.R.S. 1973 (now in 1978 Repl. Vol. 8), permits only one continuance of a case.[1] Section 16-14-104 of the Act establishes time limits within which an inmate defendant must be brought to trial once the Act has been invoked:

"Within ninety days after the receipt of the request [for disposition] by the court and the prosecuting official, or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or criminal complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the prisoner's attorney and opportunity to be heard. If, after such a request, the indictment, information, or criminal complaint is not brought to trial within *that period*, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect, and the court shall dismiss it with prejudice." (Emphasis added.)

---

[1] Although the People acknowledge that the statute allows only one continuance, the district attorney filed a motion for a second continuance. His request for relief here is premised solely on his request for the initial continuance.

The last sentence of the statute takes jurisdiction from the trial court at the expiration of the continuance if there is no trial. "That period" refers to the original ninety days from the date the request was filed plus the length of the continuance. Here, the total time comprising "that period" as granted by the court was four months and nine days. The prosecution maintains the court abused its discretion in not granting the full six month continuance requested, which would have given the state eight months to bring the defendant to trial.

█ The Uniform Act is one of several Colorado statutes implementing a defendant's rights to a speedy trial as provided in *Colo. Const.* Art. II, Sec. 16, and *U.S. Const.* amend. VI and XIV. Other provisions are the general speedy trial provisions found in section 18-1-405, C.R.S. 1973 (now in 1978 Repl. Vol. 8 and 1979 Supp.), and Crim. P. 48, and sections 24-60-501, *et seq.*, C.R.S. 1973 (and 1979 Supp.), governing the trial of inmates held on detainers from other jurisdictions. Although the statutes apply to different situations, they reflect the same policy of assuring speedy trials. Therefore, the enunciated principles for one can be applied to the others unless the provisions conflict. *See Chambers v. District Court,* 180 Colo. 241, 504 P.2d 340 (1972); *People v. Lopez,* 41 Colo. App. 206, 587 P.2d 792 (1978).

Here, the continuance provisions under the Uniform Act conflict with the continuance provisions of the general speedy trial statute and rule. Under the general speedy trial provisions, when important evidence is unavailable to the state, necessary time to obtain the evidence, but not more than six months, is excluded from the running of the time limits for speedy trial. To qualify for such a continuance, the prosecution must show due diligence in obtaining the evidence and that there is reason to believe the evidence will be available at a later date. Section 18-1-405(6)(g)(I), C.R.S. 1973 (now in 1978 Repl. Vol. 8); Crim. P. 48(b)(6)(VII)(A). In contrast, section 16-14-104 simply says only that there shall be one continuance, either by stipulation or order of the court, if there is notice and an opportunity to be heard.

█ In *Simakis v. District Court,* 194 Colo. 436, 577 P.2d 3 (1978), this Court found that conflicting provisions of the general speedy trial statute could not be applied in proceedings under the Interstate Agreement on Detainers [section 24-60-501, *et seq.*, C.R.S. 1973 (and 1979 Supp.)] because the Agreement was a special statute designed to provide more protection from the defendant than that provided by the general statute. The Agreement was designed "to foster more effective prisoner treatment and rehabilitation by eliminating, as expeditiously as possible, the uncertainties surrounding outstanding criminal charges." *Simakis,* 194 Colo. at 439, 577 P.2d at 5. The Uniform Act is a special statute also designed to foster more effective prisoner treatment and rehabilitation. Thus, when there is a conflict with the general speedy trial

statute, the provisions of the Uniform Act control.

 Those special provisions, however, provide no guidance for the trial court as to what must be shown to obtain a continuance or determine its length. The peculiar circumstances of each case are the significant factors. The burden for compliance with the time requirements is on the prosecution. *People v. Lopez, supra.* At the hearing in October, the trial court acknowledged that there were equities on both sides in this case. For the defendant, the judge considered incarceration in maximum security and concern over the potential loss of witnesses who were soon to be paroled. For the People, the judge considered the severity of the crime and the loss of a crucial witness. He granted a seventy day continuance as the best accommodation of the interests of the parties. On the basis of the record, we cannot say that the trial court's order was a gross abuse of discretion.

 We hold that section 16-14-104 permits only one continuance by the People in a proceeding under the Uniform Mandatory Disposition of Detainers Act and that there was no abuse of discretion by the trial court here in granting a continuance of seventy days.

Judgment affirmed.