The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Daniel R. GONZALES, Defendant-Appellee.

No. 83SA135.

Supreme Court of Colorado, En Banc.

April 23, 1984.

---

Norman S. Early, Jr., Dist. Atty., Second Judicial Dist., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Michael Kane, Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellee.

DUBOFSKY, Justice.

The People appeal an order of the Denver District Court dismissing charges filed against the defendant, Daniel R. Gonzales. The district court based its order on provisions of the Uniform Mandatory Disposition of Detainers Act (Uniform Act), sections 16–14–101 to –108, C.R.S. We disapprove the district court's interpretation of the Uniform Act, reverse the court's ruling, and remand the case for further proceedings.

On March 4, 1982, the defendant was sentenced to the custody of the Department of Corrections. Twenty days later, a Denver County Court judge issued a warrant for the defendant's arrest based upon probable cause that the defendant had committed the crime of second degree forgery.[1] On September 23, 1982, the defendant's parole officer informed the defendant, then a prisoner at the Canon City correctional facilities, of the outstanding arrest warrant. On October 1, 1982, the defendant, by certified mail to the clerk of the Denver District Court and the district attorney, requested final disposition of any untried indictment, information, or criminal complaint, mentioning specifically the outstanding arrest warrant. Shortly thereafter, the defendant's parole officer wrote the Denver District Attorney, inquiring whether the district attorney would file a formal detainer on the forgery charges. The parole officer requested that the district attorney provide her with information on the pending charges prior to the defendant's scheduled appearance before the parole board in December, 1982, so that she would have time to submit a parole plan.

On December 21, 1982, the district attorney obtained a new warrant for the defendant's arrest and, by information filed in Denver District Court, charged the defend-

---

1. Section 18–5–103, C.R.S.

ant with three counts of second degree forgery. On January 12, 1983, the district attorney filed a detainer with Canon City prison officials based on the forgery charges. Six days later the defendant wrote to the clerk of the Denver County Court and the district attorney, requesting speedy disposition of the charges. On February 15, 1983, the defendant moved for dismissal under the Uniform Act, section 16–14–104, C.R.S., alleging that the People had failed to try him within ninety days after the court and the district attorney received his first request for final disposition. The district court dismissed the charges on March 14, 1983, holding that the defendant had complied sufficiently with the Uniform Act's procedures,[2] that an untried arrest warrant triggers the notice and speedy trial provisions of the Uniform Act, that the defendant had not proved a due process violation,[3] and that the delay between the defendant's request for final disposition and the filing of the information violated the spirit of the Uniform Act. We hold that an outstanding warrant for the arrest of a prisoner does not trigger the Uniform Act's notice and speedy trial provisions.

█ The Uniform Act is one of several Colorado statutes implementing a defendant's right to a speedy trial, as provided in Article II, section 16 of the Colorado Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. *People v. Bean*, 650 P.2d 565 (Colo. 1982); *People v. Swazo*, 199 Colo. 486, 610 P.2d 1072 (1980). The Uniform Act gives

any person in the custody of the Department of Corrections the right to request final disposition of any untried indictments, informations, and criminal complaints (charges) pending against him in Colorado. Section 16–14–102(1), C.R.S. The superintendent of the institution where the prisoner is confined must inform the prisoner promptly of any untried charges of which the superintendent has knowledge, and of the prisoner's right to request final disposition of those charges. Section 16–14–102(2), C.R.S. The superintendent is required to transmit any request made by a prisoner for final disposition of untried charges forthwith to the court having jurisdiction over the offenses charged and to the official charged with prosecuting the offense. Section 16–14–103, C.R.S. Within ninety days after receipt by the court and the prosecuting official of a defendant's request for final disposition, the state must bring the defendant to trial. Section 16–14–104, C.R.S. Otherwise, unless the ninety day period is extended for cause or by stipulation, the charges must be dismissed. *Id.*

The issue before us involves the scope of the phrase "untried indictment, information, or criminal complaint" in section 16–4–102(1).[4] The defendant argues that the policy of the Uniform Act—to foster more effective prisoner treatment and rehabilitation by eliminating the uncertainties surrounding outstanding criminal charges, *People v. Mascarenas*, 666 P.2d 101 (Colo. 1983)—requires that an arrest warrant be treated as an "untried indictment, informa-

---

**2.** Under the Uniform Act a defendant must deliver any request for final disposition of untried charges to the prison superintendent. The superintendent must then transmit the request, along with other information, to the court and prosecuting official. Section 16–14–103, C.R.S. In this case the prisoner sent his request directly to the court and the district attorney. The district court held that, because of the parole officer's letter to the district attorney regarding the charges, there was "a de facto compliance" with the procedures of the Uniform Act. Our interpretation of the Uniform Act makes it unnecessary for us to determine whether the defendant complied sufficiently with the act's procedures in this case.

**3.** The defendant does not challenge the district court's holding that he did not prove any violation of his due process rights.

**4.** Section 16–4–102(1) provides:

"Any person who is in the custody of the Department of Corrections pursuant to section 16–11–301 or parts 1 and 2 of article 14 of this title *may request final disposition of any untried indictment, information, or criminal complaint pending against him in this state.* The request shall be in writing addressed to the court in which the indictment, information, or criminal complaint is pending and to the prosecuting official charged with the duty of prosecuting it and shall set forth the place of confinement." (Emphasis added.)

tion, or criminal complaint." If an arrest warrant is an indictment, information, or criminal complaint, then knowledge of an outstanding arrest warrant by the prison superintendent triggers application of the notice and speedy trial provisions of the Uniform Act. *See* sections 16–14–102 to –104, C.R.S. The plain meaning of the terms at issue, however, precludes inclusion of an arrest warrant within their scope.

Section 16–1–104, C.R.S. defines the terms at issue. An "indictment" is "a written statement, presented by a grand jury to the district court, which charges the commission of a crime by an alleged offender." 16–1–104(11). An "information" is "a written statement signed by a district attorney presented to the district court, which charges the commission of a crime by an alleged offender." 16–1–104(12). A "complaint" is "a written statement charging the commission of a crime by an alleged offender, filed in the county court." 16–1–104(7). A "felony complaint" is "a written statement of the essential facts constituting the offense charged and shall be made upon oath before any person authorized to administer oaths within the state of Colorado." 16–1–104(10). Finally, a "warrant" is "a written order issued by a judge of a court of record directed to any peace officer commanding the arrest of the person named or described in the order." 16–1–104(18).

While an indictment, information, and criminal complaint all institute charges against an alleged offender, an arrest warrant does not; a warrant merely authorizes the arrest of a suspect, after which an indictment, information, or criminal complaint must be filed, if one has not already been filed. *See* C.R.Cr.P. 5(a), (c). C.R.Cr.P. 4.2 specifically authorizes the issuance of an arrest warrant "prior to the filing of an information, felony complaint

or complaint."[5] In short, an arrest warrant is not an "indictment, information, or criminal complaint" and therefore does not trigger the provisions of the Uniform Act. While some of the policies of the Uniform Act might be advanced if an arrest warrant triggered the Uniform Act's notice and speedy trial provisions, it is within constitutional limits for the General Assembly to determine the proper balance between the interests of prisoners in speedy disposition of charges and those of the state in administrative flexibility and prosecutorial discretion.

We reverse the ruling of the district court and remand the case to that court for further proceedings consistent with this opinion.

Ruling reversed and case remanded.

---

**5.** "If a warrant for arrest is sought prior to the filing of an information, felony complaint, or complaint, such warrant shall issue only on affidavit sworn to or affirmed before the judge and relating facts sufficient to establish probable cause that an offense has been committed and probable cause that a particular person committed that offense. The court shall issue a warrant for the arrest of such person commanding any peace officer to arrest the person so named and to take him without unnecessary delay before the nearest judge of a court of record."