The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Frank MUELLER, Defendant–Appellant.

No. 91CA0364.

Colorado Court of Appeals, Div. III.

Oct. 8, 1992.

Rehearing Denied Nov. 5, 1992.

Certiorari Denied May 10, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., M. Kathleen Koch, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG

Defendant, Frank Mueller, appeals from the trial court's order denying his Crim.P. 35(c) motion. The issue presented here is whether the trial court abused its discretion in finding good cause to set trial dates for the defendant's four criminal cases beyond the ninety-day period permitted for bringing such matters to trial by the Uniform Mandatory Disposition of Detainers Act (UMDDA). Because we agree with the defendant that there was not good cause and that the UMDDA was violated, we conclude that the trial court lacked jurisdiction to render judgment and sentence in the defendant's cases. We thus reverse and remand with directions.

## I.

Defendant requested final disposition of the detainers filed in the four cases at issue pursuant to § 16–14–102, C.R.S. (1986 Repl. Vol. 8A), part of the UMDDA, and such request was received by the trial court and the prosecution on January 9, 1989. Thus, under § 16–14–104, C.R.S. (1986 Repl.Vol. 8A), defendant had to be brought to trial within ninety days of that date or by April 9, 1989, "or within such additional time as the court for good cause shown in open court may grant."

If a case is not brought to trial within the speedy trial period:

*no court of this state shall any longer have jurisdiction* thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect, and the court shall dismiss it with prejudice. Section 16–14–104 (emphasis added).

On February 24, 1989, defendant's attorney requested that the court set defendant's trials within ninety days from the time he filed the requests for speedy disposition, that is, by April 9, 1989. However, the trial court set defendant's trial date for April 17, 1989. It found good cause for setting the trials outside the ninety-day period because one of the four cases involved a co-defendant and the co-defendant's trial already had been set on that date.

On February 24, 1989, the prosecution also moved to advance the defendant's trials to a time within the ninety-day period. That motion was heard by the court on March 10, 1989, at which time the court denied the motion based upon the court's busy docket.

On April 14, 1989, which was five days after the ninety-day period had expired, defendant moved to dismiss all of his cases based upon a violation of the speedy trial provision of the UMDDA. The trial court denied his motion to dismiss, finding that the court was not aware of the speedy trial issue until February 24, 1989, and that docket congestion after February 24th prevented earlier trials.

On April 17, 1989, defendant again moved to dismiss his cases on the grounds that the trial settings violated the UMDDA speedy trial provision and, therefore, that the court lacked jurisdiction to proceed. The court disagreed and proceeded to trial; however, the first trial ended in a mistrial. Again, defendant moved to dismiss but the court denied his motion. The defendant's subsequent petition seeking relief in the nature of prohibition and mandamus also was denied by the Colorado Supreme Court.

Thereafter, defendant was convicted in all four cases, twice by jury verdict and twice by guilty plea. He then filed the motion for post-conviction relief now being reviewed, again contending that the UMDDA had been violated and that the trial court had lacked jurisdiction over him in all four cases. His motion for post-conviction relief was denied based upon the trial court's conclusion that, by virtue of his entry of guilty pleas, the defendant had waived his right to challenge his convictions. The trial court's written order did not address the two convictions by jury verdict.

II.

The UMDDA is one of several Colorado statutes and procedural rules implementing a defendant's rights to a speedy trial. *See* § 18–1–405, C.R.S. (1986 Repl.Vol. 8B), Crim.P. 48, and § 24–60–501, C.R.S. (1988 Repl.Vol. 10B). Each of these reflect the same policy of assuring speedy trials and, therefore, the enunciated principles for one can be applied to the others unless the provisions conflict. *People v. Swazo*, 199 Colo. 486, 610 P.2d 1072 (1980).

Importantly, § 16–14–104 of the UMDDA specifically divests the trial court of jurisdiction if the defendant is not brought to trial within the specified period, and the UMDDA also permits only one continuance of a case. *People v. Swazo, supra.* The burden of compliance with statutory time requirements is on the prosecution and the trial court. *People v. Lopez*, 41 Colo.App. 206, 587 P.2d 792 (1978).

The peculiar circumstances of each case are the significant factors in determining whether a continuance should be granted. *People v. Swazo, supra; see People v. Anderson*, 649 P.2d 720 (Colo.App.1982) (trial court's judgment regarding whether a continuance is justified may be reversed on appeal only if there has been an abuse of discretion).

Here, although the prosecution asserts that neither it nor the trial court had *actual* knowledge of defendant's requests until February 24, 1989, the record reflects that they received proper notice under the

UMDDA of his requests for final disposition of the detainers by January 9, 1989. Thus, January 9, 1989, was the dispositive date, a fact recognized by the prosecution because it filed a motion to advance the defendant's trials to a date within the ninety-day period.

The only reason given for setting the defendant's trials outside the ninety-day period required by the UMDDA was the fact that the co-defendant in one of the cases, who was not affected by speedy trial considerations, had his trial set for April 17, 1989. We conclude that this fact alone did not constitute good cause.

We also find no merit in the People's argument that the trial court and the prosecution had failed to notice defendant's request for disposition of the detainers until February 24, 1989, and that docket congestion after February 24th justified the setting of a late trial date. *See People v. Sevigny,* 679 P.2d 1070 (Colo.1984) (given prosecutorial inaction in bringing defendant before the court, docket congestion does not constitute good cause for continuance); *People v. Campbell,* 742 P.2d 302 (Colo.1987) (if defendant has substantially complied with the provisions of the UMDDA and the prosecution has actual notice of the defendant's request, it is not an abuse of discretion for the trial court to dismiss pending charges).

In denying defendant's motion for post-conviction relief, the trial court relied upon *United States v. Palmer,* 574 F.2d 164 (3d Cir.1978). However, in *Palmer* the defendant did not assert his right to a speedy trial until after he had entered his guilty plea, and thus, he failed to raise the issue in a timely manner. In contrast, the defendant here demanded speedy disposition of his charges before his trials and before expiration of the ninety-day period. He also moved to dismiss the charges based upon the trial court's lack of jurisdiction before entry of his guilty pleas. Thus, *Palmer* is factually distinguishable.

Finally, we reject the People's contention that the defendant's later convictions by trials and guilty pleas waived his argument under the UMDDA. Any action taken by a court when it lacks jurisdiction is a nullity. *People v. Dillon,* 655 P.2d 841 (Colo.1982). *See Evans v. District Court,* 194 Colo. 299, 572 P.2d 811, 813 (1977) ("A jurisdictional requirement cannot be waived; the ... court cannot confer jurisdiction upon itself.").

In summary, we conclude that the defendant's demand for final disposition of the detainers began the running of the statutory time period, that he did not thereafter waive his right to a trial within ninety days, and that, under the circumstances presented here, good cause was not shown to extend the ninety-day period. Hence, defendant was denied his right to a speedy trial under the UMDDA, and the trial court lacked jurisdiction to proceed.

Accordingly, the order is reversed, and the cause is remanded with directions to vacate the defendant's convictions.

SMITH and CRISWELL, JJ., concur.