The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Edward **FLEMING,** Defendant–Appellant.

No. 92CA1132.

Colorado Court of Appeals, Div. I.

Aug. 19, 1993.

Rehearing Denied Sept. 23, 1993.

Certiorari Granted Feb. 14, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mary E. Ricketson, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard O'Brien Moore, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Edward Fleming, appeals the order of the trial court denying his Crim.P. 35 motion. We reverse.

The issue presented here is whether the trial court abused its discretion in finding good cause to set trial dates for defendant's criminal case beyond the 90–day period permitted by the Uniform Mandatory Disposition of Detainers Act (UMDDA), § 16–14–101, et seq., C.R.S. (1986 Repl.Vol. 8A).

On April 4, 1991, while being held in the county jail on charges of burglary and theft, defendant filed a *pro se* request pursuant to § 16–14–102, C.R.S. (1986 Repl.Vol. 8A) for final disposition of the detainer. While no date stamp reflecting receipt by the court appears on the document, the trial court determined that this request had been received by it on April 8, 1991. Thus, the statute required that defendant be brought to trial within ninety days of that date, July 8, 1991, "or within such additional time as the court for good cause shown in open court may grant." Section 16–14–104, C.R.S. (1986 Repl.Vol. 8A).

On April 11, defendant appeared with appointed counsel at the preliminary hearing. Because defendant objected to proceeding with his appointed counsel and stated a desire to seek his own attorney, the trial court agreed to continue the preliminary hearing. After the trial court assured him that it would not affect his speedy trial rights, defendant waived his right to have a preliminary hearing within 30 days. The preliminary hearing then was set for May 9, 1991.

Because defendant was in custody and thus, through no fault of his own, not available for the preliminary hearing, he was granted a continuance until May 23. On May 30, defendant waived his right to a preliminary hearing.

On June 24, defendant's counsel appeared for entry of a plea and for setting of a trial date. Defendant was in the custody of the Department of Corrections and, again through no fault of his own, was not present. Consequently, the hearing was continued to July 8 for entry of a plea, setting of trial, and hearing of motions.

On July 8, defendant appeared with two attorneys from the public defender's office. His counsel of record, also from the public defender's office, was on vacation. During this hearing, defendant orally moved for dismissal of the charges against him on the

basis that the 90–day period had run. In response, the prosecution noted that July 8 was the last day of the 90–day period and announced that it was ready for trial.

The public defenders appearing with defendant at that time stated that they were unprepared to proceed without prior notice. Also, defendant was unwilling either to proceed without counsel or to waive his UMDDA rights.

After ruling that the continuance granted to defendant on April 11 had extended the UMDDA period, the trial court stated that it would not require defendant, who was facing possible life imprisonment, to proceed without counsel. Trial was then set for July 29, 1991.

Defendant's motion to dismiss was denied, but defendant was told that he could raise the issue again. In addition, at this hearing, the People were granted leave to amend the information to include habitual offender counts.

On July 23, defendant, through counsel, filed several motions relating to trial, among them a motion to dismiss the charges because of violation of the UMDDA. However, on July 30, defendant entered a plea of guilty. During the course of the providency hearing, he specifically waived his right to raise the UMDDA issue.

Subsequently, defendant filed a Crim.P. 35 motion, alleging that his UMDDA rights had been violated, thereby divesting the trial court of jurisdiction and, thus, requiring vacation of his conviction and dismissal of the charges against him. Following a hearing before the same court that had presided on July 8, the trial court ruled, alternatively, that 1) defendant's original UMDDA date was extended by his request for new counsel which necessitated a continuance. of the preliminary hearing; 2) that a setting of the trial date outside the UMDDA period was necessitated by the absence of defendant's counsel on the last day of that period; and 3) that defendant had waived his right to raise the UMDDA issue as part of the plea agreement. Accordingly, the trial court denied defendant's motion.

■ On appeal, defendant contends that trial court erred in this denial. We agree.

In a Crim.P. 35 proceeding, defendant has the burden of showing that his conviction is invalid. And, in such proceeding, if the trial court's findings and conclusions are supported by the evidence, they will not be disturbed on appeal. *Kailey v. State Department of Corrections,* 807 P.2d 563 (Colo. 1991).

However, if a case is not brought to trial within the speedy trial period, the trial court is divested of jurisdiction, and the case must be dismissed with prejudice. Section 16–14– 104, C.R.S. (1986 Repl.Vol. 8A).

■ The burden of compliance within the statutory time requirements is on the prosecution and the trial court. *People v. Lopez,* 41 Colo.App. 206, 587 P.2d 792 (1978). The peculiar circumstances of each case are the significant factors in determining whether a continuance should be granted, *People v. Swazo,* 199 Colo. 486, 610 P.2d 1072 (1980), and the trial court's judgment regarding whether a continuance should be granted may be reversed on appeal only if there has been an abuse of discretion. *See People v. Mueller,* 851 P.2d 211 (Colo.App.1992).

On July 8, 1991, the last permissible day for trial within the 90–day period, while the parties were in court for pleading and setting of a trial date, the People announced that they were prepared to proceed to trial on that day. In contrast, defendant's counsel of record was unavailable, counsel's colleagues could not adequately prepare for trial in less than one day, and defendant did not wish to proceed without counsel.

To require defendant to go to trial under these circumstances would have been a travesty. *Cf. People v. Anderson,* 649 P.2d 720 (Colo.App.1982) (continuance held to be appropriate under circumstances in which defense counsel was unable to prepare adequately for trial). Therefore, we conclude that the trial court abused its discretion by requiring defendant either to proceed to trial or to waive his rights under UMDDA.

■ Additionally, we conclude that the remaining reasons which the court articulated for continuing the trial date beyond the

UMDDA requirement are not sustainable. The trial court specifically advised defendant on April 11 that the continuance of his preliminary hearing would not affect his speedy trial rights. Therefore, the events of April 11 leading to the continuance could not constitute a waiver of defendant's UMDDA rights and did not justify extension of the 90–day period beyond July 8.

■ Furthermore, defendant's ostensible waiver at the time of the entry of his plea on July 30, after the UMDDA time limit had expired, was of no effect because the trial court had lost jurisdiction at the expiration of the original 90–day period on July 8. *See People v. Mueller, supra.*

The judgment of conviction is reversed, and the cause is remanded to the trial court for dismissal with prejudice.

MARQUEZ, J., concurs.

PIERCE, J., dissents.

Judge PIERCE, dissenting.

I dissent. The defendant himself set the provisions of the UMDDA in motion and insisted throughout the proceedings thereafter that its time limitations be met. He neglected, however, to inform his own counsel of the time limitations that he instigated and was thereby responsible for his counsel's absence and being unprepared to proceed on the last day of the statutory period. Once having set the time limitation in motion, he should have informed his counsel and been ready for trial, if not during the entire statutory period at least by the last day.

I agree, however, that there is some responsibility on the trial court for not having conferred with all counsel concerning the necessity for an earlier trial date.

The court and the prosecution were willing to proceed with trial on the last allowable day, but "good cause" was shown to grant additional time when defendant and his counsel were not prepared to proceed at that time. The continuance was therefore proper under § 16–14–104. This defendant should not be allowed to profit from an intolerable situation that he was at least partially responsible for creating.

I would affirm the judgment of conviction.