The PEOPLE of the State of
Colorado, Petitioner,

v.

Edward FLEMING, Respondent.

No. 93SC633.

Supreme Court of Colorado,
En Banc.

June 19, 1995.

Rehearing Denied July 31, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russell, First Asst. Atty. Gen., Mary E. Ricketson, Sp. Asst. Atty. Gen., Laurie A.

Booras, Asst. Atty. Gen., Crim. Enforcement Section, Denver, for petitioner.

Richard O'Brien Moore, Denver, for respondent.

Justice SCOTT delivered the Opinion of the Court.

In *People v. Fleming,* 867 P.2d 119 (Colo. App.1993), the court of appeals reversed a judgment of conviction, holding that the state did not bring the defendant to trial within the ninety day time period required by the Uniform Mandatory Disposition of Detainers Act, sections 16–14–101 to –108, 8A C.R.S. (1986 & 1994 Supp.) (UMDDA). The petitioner, the People of the State of Colorado, challenges the court of appeals' ruling, claiming that good cause was shown for the trial court to continue the trial date. We granted certiorari to determine "whether the court of appeals erred in holding that the [defendant] was denied a speedy trial pursuant to the Uniform Mandatory Disposition of Detainers Act." Because we find that a defendant should not profit from a delay for which he or she was responsible, we reverse the judgment of the court of appeals and remand this matter with directions.

## I

On March 20, 1991, respondent, Edward Fleming, was charged with second degree burglary[1] and misdemeanor theft.[2] On March 15, 1991, Fleming made an unauthorized entry into a Sears repair shop and took two appliances, a small television and a VCR. Fleming was apprehended while walking away from the shop with the appliances by a Denver police officer responding to a silent alarm call. The value of the property was less than three hundred dollars. Fleming had previously pleaded guilty to second degree forgery, robbery, and second degree burglary, and was on parole when the 1991 burglary was committed.

On April 4, 1991, while being held in the Denver County Jail, Fleming mailed a *pro se* Motion for Disposition of Untried Complaint

requesting a speedy disposition of the complaint against him pursuant to the UMDDA.[3] Fleming's motion stated that under the UMDDA, the People must prosecute the Untried Complaint within ninety days after the court received his UMDDA request.

On April 11, 1991, at his preliminary hearing before the Denver County Court, Fleming objected to proceeding with his appointed counsel, stating "I don't think he has my best interests at hand." The county court judge, Hon. Larry Bohning, offered to continue the preliminary hearing to give Fleming an opportunity to retain private counsel, provided that Fleming would waive his right to have a preliminary hearing within 30 days. Fleming responded, "I don't want to waive any right that I have. All I want is another attorney. I do not want to proceed with this one." Judge Bohning then indicated Fleming was entitled to a preliminary hearing but that due to a conflict over the next several days in the schedule of the prosecution's police witness, Fleming would either have to proceed with his current counsel or "waive the 30–day rule" and allow the preliminary hearing to be set the following week. The following colloquy then occurred:

> FLEMING: If I waive the 30–day rule, does that pertain just to—to preliminary hearing?
>
> THE COURT: Yes, sir.
>
> FLEMING: It has nothing—nothing to do with the speedy trial rules or anything like that, right?
>
> THE COURT: Absolutely not.
>
> FLEMING: Okay, I just—
>
> THE COURT: So you want to waive your right to have it heard within 30 days?
>
> FLEMING: Yeah.

At that time, Fleming never mentioned that he had requested disposition of the case pursuant to the UMDDA. The preliminary hearing was continued for 28 days to permit Fleming to retain new counsel and was set for May 9, 1991.

---

1. § 18–4–203, 8B C.R.S. (1986).

2. § 18–4–401, 8B C.R.S. (1986).

3. The motion was addressed to Judge Larry Bohning of the Denver County Court and became a part of the record of the proceedings before the county and district courts.

On May 9, Fleming, who was in the custody of the Department of Corrections (DOC), did not appear for the preliminary hearing. As a result, he was granted a continuance until May 30. However, during the period of April 11 to May 30, Fleming did not retain private counsel. On May 30, 1991, appearing without counsel, Fleming waived his right to a preliminary hearing.[4]

On June 24, Fleming's appointed counsel appeared before the district court, Hon. Richard T. Spriggs, to enter a plea and set a trial date. Because Fleming, who was in the custody of the DOC, did not appear, the hearing was continued by Judge Spriggs until July 8, 1991—the final day for bringing Fleming to trial under the UMDDA.

On July 8, 1991, Fleming personally appeared before Judge Spriggs without his counsel. He was accompanied, however, by two attorneys from the public defender's office who attended the hearing to enter a not guilty plea on Fleming's behalf. At that time, Fleming's counsel of record, Michael Linge, was on vacation, and the public defenders appearing with Fleming for Linge were not familiar with the case. After the plea was entered, the trial court set motions to be heard on August 27, 1991, after Linge was expected to return from vacation. When the motions date was announced, Fleming told the court and counsel that "I've already filed a motion for speedy detainer act, and the ninety days is up already." While he referred to "speedy trial" during his county court appearance on April 11, this was the first occasion Fleming specifically referred to the "detainer act" or to its ninety day provision.

Fleming's statement caused the court to examine its file wherein Judge Spriggs discovered a letter from Fleming to Judge Bohning, Fleming's motion under the UMDDA, and a certificate of mailing dated April 4, 1991. The court noted that the envelope addressed to Judge Bohning was postmarked April 5, 1991, but there was no date stamp

indicating the arrival of the documents in the county court. Reviewing the court files, Judge Spriggs determined that the request was received on April 8, 1991, thereby making July 8, 1991, the final day within the UMDDA's ninety day speedy trial rule.[5] Although the court acknowledged having received a copy of Fleming's motion, the district attorney and the public defenders office, including Mr. Linge and the attorneys accompanying Fleming, were unaware of Fleming's UMDDA motion.

After making a motion to amend the information to add three habitual criminal counts, the district attorney announced that he was ready to try the case on that day. However, Mr. Linge was not available and Mr. Cole, one of the public defenders accompanying Fleming in court, stated

> [Fleming is] not going to be represented by anybody from the Public Defender's Office at a trial that commences today. I can advise the Court that there's no way that anybody in our office is going to try this case today because we cannot effectively represent him. We don't know the facts of the case.

Nonetheless, Fleming was unwilling either to proceed without counsel or to waive his UMDDA rights by requesting a continuance. Refusing to require Fleming to proceed without counsel or with unprepared counsel when he was facing possible life imprisonment, the court then set the trial for July 29, 1991.

On July 30, Fleming entered a plea of guilty to the second degree burglary charge, in return for which all other charges against him would be dismissed, including the habitual criminal charges. During the course of the July 30 providency hearing, Fleming specifically waived his right to a speedy trial under the UMDDA as part of a plea bargain. He was then sentenced to the DOC for a term of eight years.

---

4. After his preliminary hearing was waived, Fleming was represented by his original court appointed counsel, whom he had dismissed on April 11.

5. Pursuant to § 2–4–108, 1B C.R.S. (1980), "if the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday." Since July 7, 1991 was a Sunday, the period was extended to July 8.

## II

Fleming subsequently filed a *pro se* Crim.P. 35(c) motion, alleging that his UMDDA rights had been violated. Following a hearing, the trial court denied Fleming's motion, finding that (1) Fleming's refusal to proceed to preliminary hearing with Mr. Linge on April 11, and his agreement to a continuance for the purpose of obtaining new counsel, constituted good cause shown to continue the hearing under the UMDDA; (2) Fleming's inability to proceed to trial without Mr. Linge on July 8, the last day of the period, constituted good cause shown to continue the hearing under the UMDDA; and (3) Fleming had waived his right to a speedy trial as part of the July 30 plea agreement.

With one judge dissenting, the court of appeals reversed the judgment of conviction. *People v. Fleming,* 867 P.2d 119 (Colo.App. 1993). The majority of the court of appeals held that the trial court abused its discretion by requiring Fleming to either proceed to trial or to waive his rights under the UMDDA, and that the remaining reasons which the trial court articulated for continuing the trial date beyond the UMDDA ninety day period were not tenable. *Id.*

Judge Pierce dissented, finding that "good cause" was shown for granting a continuance on April 11, when Fleming requested new counsel, and again on July 8, when Fleming and his counsel were not prepared to proceed with trial on the last allowable day. *Id.* at 122 (Pierce, J., dissenting). The dissent acknowledged that the trial court should have conferred with all counsel concerning the necessity for an earlier trial date. Judge Pierce pointed out, however, that Fleming never told his counsel that he had filed the motion, and was therefore also responsible for his counsel's inability to proceed on the last day of the statutory period. Judge Pierce urged that Fleming should not be allowed to profit from a situation that he was at least partially responsible for creating. *Id.*

We are now called upon to determine whether Fleming was in fact denied a speedy trial pursuant to the UMDDA. Because we find that any delays in the prosecution of Fleming's case were the direct result of Fleming's actions, we conclude that Fleming was not denied a speedy trial.[6] Accordingly, we reverse the judgment of the court of appeals.

## III

### A

■ A person in the custody of the DOC has the right under the UMDDA to request final disposition of untried indictments, informations or criminal complaints pending against him or her in Colorado. *People v. Campbell,* 742 P.2d 302, 305 (Colo.1987). The UMDDA furthers the right to speedy trial guaranteed by article II, section 16 of the Colorado Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. *Martin v. People,* 738 P.2d 789, 791 (Colo.1987).[7]

Under the UMDDA, the state must bring a defendant to trial within ninety days after the court and the prosecuting official receive a defendant's request for final disposition. § 16–14–104, 8A C.R.S. (1986). Otherwise, unless the ninety day period is extended for good cause or by stipulation, the statute requires that the charges must be dismissed. *Id.* Section 16–14–104 states:

> Within ninety days after the receipt of the request by the court and the prosecuting

---

**6.** The People contend that both the July 8 and the April 11 continuances were granted for good cause and that Fleming waived his rights to final disposition within ninety days because of his active role in causing those continuances. Because we conclude the July 8 continuance is sufficient in this case alone to sustain the trial court's ruling that Fleming waived his rights under the UMDDA, we decline to address the April 11 continuance.

Furthermore, because we find that Fleming was not otherwise denied a speedy trial pursuant to the UMDDA, we do not reach the question of whether strict compliance with the notice provisions is necessary in order to invoke the UMDDA.

**7.** The UMDDA is one of several Colorado statutes and procedural rules implementing a defendant's rights to a speedy trial. *See also* § 18–1–405, 8B C.R.S. (1986); § 24–60–501, 10B C.R.S. (1988); Crim.P. 48.

official, or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or criminal complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to a prisoner's attorney and opportunity to be heard. If, after such a request, the indictment, information, or criminal complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect, and the court shall dismiss it with prejudice.

Thus, if a continuance is granted for good cause, the ninety day period is effectively tolled for the length of the continuance.

■ In determining whether a continuance should be granted, the trial court must consider the peculiar circumstances of each case and balance the equities on both sides. *People v. Swazo*, 199 Colo. 486, 490, 610 P.2d 1072, 1074 (1980); *People v. Mueller*, 851 P.2d 211, 213 (Colo.App.1992), *cert. denied*, No. 92SC790 (Colo. May 10, 1993); *People v. Anderson*, 649 P.2d 720, 723 (Colo.App.1982). The trial court's decision to grant a continuance is entitled to deference, and may not be reversed on appeal unless there has been a gross abuse of discretion. *People v. Scales*, 763 P.2d 1045, 1048 (Colo.1988); *Mueller*, 851 P.2d at 213; *Anderson*, 649 P.2d at 723.

■ Additionally, a defendant may waive his or her right to final disposition within the ninety day statutory period by active participation in any delays. *See, e.g., People v. Mascarenas*, 666 P.2d 101, 106 (Colo.1983) (defendant waived his speedy trial rights when four hearings involving motions for continuance filed by the defendant were conducted after his request for speedy disposition was mailed, and the defendant neither mentioned nor invoked the Act at any of the hearings); *People v. Martin*, 707 P.2d 1005, 1007 (Colo.App.1985) (defendant may waive speedy trial rights by freely acquiescing in a trial date beyond the ninety day speedy trial period imposed by section 16-14-104), *aff'd*, 738 P.2d 789 (Colo.1987).

B

The court of appeals held that the ninety day period was not extended by the continuance granted on July 8, because Fleming expressly refused to waive his rights at that time, and without his consent there could be no extension of the deadline. We disagree.

■ Extension of the ninety day time limit does not require the personal consent of the defendant. *Anderson*, 649 P.2d at 724. For example, an attorney may stipulate to or request a continuance without obtaining his or her client's personal approval. *Id.* Thus, despite a defendant's lack of consent, if the continuance were granted for good cause, it will still serve to toll the ninety day period.

■ We find the July 8 continuance was granted for good cause. Although the prosecution was prepared and willing to proceed with trial on July 8, the last allowable day, Fleming and his counsel, who was not then present, were not prepared to proceed at that time. Recognizing the possibility of life imprisonment if convicted, Judge Spriggs granted the July 8 continuance solely for Fleming's benefit.

Defense counsel's inability to be present has been held to be good cause to justify a delay of several months, even without the personal approval of the defendant. *Id.* at 723 (defense counsel's unanticipated military obligations made adequate trial preparation impossible). Fleming's own counsel was on vacation on July 8, presumably because he was unaware of the UMDDA deadline imposed by his client. Furthermore, the two representatives from the public defenders office who appeared on Fleming's behalf were not prepared to proceed to trial on that date. Sufficient time for trial preparation is a necessary antecedent to providing effective assistance of counsel. *Scales*, 763 P.2d at 1048. Requiring Fleming to proceed to trial with attorneys who professed to be unprepared and not familiar with the case would have only provided Fleming with a claim for ineffective assistance of counsel, a result the court was unwilling to cause. Since Fleming and his counsel were not prepared to proceed

on July 8, the trial court granted a continuance for Fleming's benefit.

Furthermore, Fleming was at least partially responsible for the July 8 continuance. Fleming did not inform his own counsel of the time limitations that he instigated before the July 8 proceeding, even though he could have done so as early as April 11. He was therefore responsible for his counsel's absence on July 8 due to vacation. Since the additional time needed for defense counsel to prepare was directly attributable to the defendant's conduct, the delay was also attributable to the defendant under the UMDDA. *Id.* Accordingly, we conclude that the continuance was proper under section 16–14–104.[8]

## IV

In summary, we conclude that the July 8 continuance granted on the last day of the applicable period was justified and served to extend the ninety day period. Thus, Fleming was not denied a speedy trial. Fleming cannot simultaneously refuse to proceed with his trial and urge on appeal that the continuance should not be chargeable to him for the purposes of speedy trial calculation. Since Fleming should not profit from a situation for which he was responsible, we reverse the judgment of the court of appeals and remand this case to that court with directions that it return the case to the trial court with instructions that the conviction be reinstated.

---

**8.** The court of appeals also held that Fleming could not waive his UMDDA rights at the July 30 providency hearing if the ninety day period had already expired and a continuance of the limitation period was not justified. This is so because the trial court loses jurisdiction at the expiration of the original ninety day period plus the length of any legitimate continuance under the UMDDA, *Swazo,* 199 Colo. at 489, 610 P.2d at 1074, and a jurisdictional requirement cannot be waived. *Mueller,* 851 P.2d at 214. Although we agree with the court of appeals' reasoning, the point becomes moot since we find that the UMDDA period had not yet ·expired by July 30.