The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

James NAULLS, Defendant–Appellant.

No. 95CA0009.

Colorado Court of Appeals,
Div. V.

May 16, 1996.

As Modified on Denial of Rehearing
Oct. 10, 1996.

Certiorari Denied May 19, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Clement P. Engle, Senior Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, James Naulls, appeals the judgment of conviction entered after the court denied his motion to dismiss the charges against him based upon the People's failure to bring him to trial within the limitation period outlined in the Uniform Mandatory Disposition of Detainers Act (UMDDA), § 16–14–101, et seq., C.R.S. (1986 Repl.Vol. 8A). We reverse.

On September 23, 1993, while serving a sentence in the Department of Corrections as the result of a previous conviction, defendant was charged with two counts of distribution of a controlled substance and one count of possession of a controlled substance. The People subsequently lodged a detainer against the defendant, and on November 24, 1993, the district court received the defendant's request for a final disposition of the new charges pursuant to the provisions of the UMDDA.

Defendant's arraignment was initially scheduled for February 3, 1994, which was within the 90–day limitation period specified in the UMDDA. On that date the parties presented a written stipulation to the court in which a continuance was requested. According to the stipulation, defendant was in "Boot Camp" in the Department of Corrections. He believed that the scheduled arraignment date would cause a disruption in the Boot Camp regimen and would jeopardize his status there. The stipulation concluded with the following language:

> 4. Mr. Naulls has requested counsel to obtain a continuance of the arraignment date to avoid conflict with Boot Camp. He understands this requires him to waive his right to speedy trial pursuant to § 16–14–104.
>
> WHEREFORE, Mr. Naulls and the prosecution stipulate to continue this matter and Mr. Naulls agrees to waive his right to speedy disposition of the detainer accordingly.

The court granted the continuance and continued the arraignment to March 8, 1994, specifically noting defendant's waiver of his speedy trial rights. On March 8, defendant entered a not guilty plea to the charges and the court, over defendant's objection, set a trial date of July 11, 1994.

Defendant maintained that the scheduled trial date was beyond the 90–day limitation period outlined in the UMDDA. The court, however, concluded that defendant had forever waived all of his rights under the UMDDA when he submitted the stipulation for the continuance. Hence, the court concluded that the only speedy trial rights to which the defendant was entitled existed under the general speedy trial statute, § 18–1–405, C.R.S. (1986 Repl.Vol. 8B). Accordingly, defendant was given a trial date within 6 months of his arraignment.

Defendant subsequently filed a motion to dismiss, arguing that the stipulation had merely tolled the limitation period in the UMDDA. He maintained that his rights under the Act had not been forever waived and that he had not withdrawn his request for speedy disposition under the UMDDA. He further asserted that, when he stipulated to a continuance of his arraignment date, there were 19 days remaining of the 90–day period. Thus, he contended, the speedy trial period under the UMDDA expired 19 days from his arraignment date of March 8, or March 27, 1994. Alternatively, defendant asserted that he was entitled to "restart" the 90–day limitation period from the rescheduled arraignment date.

The court disagreed, concluding that the plain language in the stipulation served to waive forever all of defendant's rights under the UMDDA. Thereafter, defendant further asserted that, assuming he had initially waived his right to speedy trial under the UMDDA by signing the stipulation, he was able to reassert that right at his arraignment. The court also disagreed with this argument.

■ Defendant contends that the court erred in denying his motion to dismiss the charges against him. He maintains that the court lost jurisdiction over his case because the stipulation for a continuance was only a waiver of his rights under the UMDDA for the specific period during which he was in Boot Camp and until an arraignment could be conducted. We agree that the court lost jurisdiction under the circumstances here.

■ The UMDDA, which governs intrastate detainer cases, was enacted to provide a mechanism for prisoners to insist upon speedy and final disposition of untried charges that are the subject of detainers so that prison rehabilitation programs will not be disrupted or precluded by the existence of these untried charges. *People v. Higinbotham,* 712 P.2d 993 (Colo.1986). In addition, the Act furthers the right to speedy trial guaranteed by the state and federal constitutions. *People v. Fleming,* 900 P.2d 19 (Colo. 1995).

Section 16–14–102, C.R.S. (1986 Repl.Vol. 8A) provides that, after a prisoner in the custody of the Department of Corrections has been informed of an outstanding detainer lodged against him or her, the prisoner may request final disposition of the untried charge. To trigger the UMDDA, the prisoner must submit a written request for final disposition of the charge, and the request, accompanied by information supplied from the Department of Corrections, must be forwarded to the district court and the prosecutor. Section 16–14–103, C.R.S. (1986 Repl. Vol. 8A).

Thereafter, a 90–day limitation period for bringing the prisoner to trial begins to run under § 16–14–104, C.R.S. (1986 Repl.Vol. 8A). That statute provides, in pertinent part:

> Within ninety days after the receipt of the request by the court and the prosecuting official, or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the ... information ... shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to a prisoner's attorney and opportunity to be heard. If, after such a request, the ... information ... is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof ... and the court shall dismiss it with prejudice.

■ A defendant may waive his or her right to final disposition within the 90–day statutory period by express waiver or affirmative conduct. *People v. Martinez,* 712 P.2d 1070 (Colo.App.1985). Of critical importance here is whether defendant forever waived his right to be brought to trial within ninety days, or whether the waiver was effective only for a particular period of time.

Here, in the written stipulation for continuance, defendant stated that the scheduled arraignment date would cause a disruption in the Boot Camp program and jeopardize his status there. Consequently, defendant had requested his attorney to obtain a continuance of the arraignment date. In the stipulation, defendant stated that he understood that the request required him to waive his

right to speedy trial pursuant to § 16–14–104 and he agreed "to waive his right to speedy disposition of the detainer accordingly."

We construe the word "accordingly" in the stipulation to mean "for that reason." Thus, the purpose of the waiver was to obtain the continuance until Boot Camp was completed and, in our view, was not a waiver of defendant's right to speedy disposition forever.

Defendant argues in the alternative that the 90–day limitation in the UMDDA was tolled during the continuance, *see People v. Fleming, supra,* or that a new 90–day time period commenced. However, we need not determine whether tolling occurred or rather, whether an extension of a new 90–day period occurred because, under either scenario, defendant was not brought to trial within ninety days of the commencement or continuation of either period. Hence, the judgment of conviction cannot stand.

Accordingly, because the statute by its express terms is jurisdictional, and a failure to comply requires dismissal regardless of whether a defendant is prejudiced, *People v. Higinbotham, supra,* the judgment of conviction is reversed and the cause is remanded with directions to dismiss all charges with prejudice.

ROTHENBERG and TAUBMAN, JJ., concur.